Rockingham, }
Jan. 4, 1927. }

ANTONIO DZIEDZIC *v.* NEWMARKET MANUFACTURING COMPANY.

Evidence that ten years before an accident the plaintiff was unable to learn to operate a plain loom has a logical tendency to prove a similar lack of mental capacity at the date thereof.

Counsel will not be permitted to urge either the wealth of the opposite party or the poverty of his client as ground for a verdict.

If, after objection, only part of a prejudicial argument is withdrawn, and an instruction be given to disregard such part, the prejudicial matter in the remainder of the argument is unaffected by the instruction.

A seasonable motion to perfect a transferred record by the transfer of further matter will ordinarily be granted when it does not appear that such action would be futile; but when no reason appears or is suggested why or how the new matter may change the result, the motion should be denied.

Whether objections to argument on the ground of prejudice should be presented by an interruption of the argument or reserved until its close is to be regulated by the presiding justice; and his finding that objection and exception were seasonable is conclusive.

CASE, for negligence, being the same action heretofore reported in 81 N. H. 516. Trial by jury and verdict for the plaintiff.

Transferred by *Burque*, J., upon the defendant's exceptions to the denial of a motion for a nonsuit, to the admission of evidence and to argument of counsel. The facts are stated in the opinion.

*William H. Sleeper* (by brief and orally), for the plaintiff.

*George T. Hughes* and *Stanley M. Burns* (*Mr. Hughes* orally), for the defendant.

PEASLEE, C. J. The evidence for the plaintiff is substantially the same as on the former transfer. The claim of the defendant that it produced a large amount of evidence tending to deny the plaintiff's contentions (if well grounded) does not affect the result here. The question of the sufficiency of the plaintiff's evidence to take the case to the jury was finally determined by the former decision. *Derosier* v. *Company, ante,* 405, and cases cited. Production of conflicting evidence merely presented additional matter for consideration by the jury.

Exceptions to the admission of evidence that ten years before the accident the plaintiff was unable to learn to operate a plain loom are urged upon the authority of *Leighton* v. *Sargent,* 31 N. H. 119, 135. In that case it was held that the possession of skill by a surgeon did "not presuppose a like degree of skill" two years earlier, and an exception to the exclusion of the fact was overruled. It does not appear whether the decision was put upon the ground that the evidence could not have been received, or that it was remote enough to warrant its exclusion upon a finding that it would not be useful. Assuming that the decision is to be treated in the former aspect, and that it is sound law, it does not apply here. The manifest reason for it is that the skill might well have been acquired in the intervening time. The question involved related to the surgeon's attainments, and these might have been acquired at one time or at another. But here the issue is whether the plaintiff had normal mental endowment. It is matter of common knowledge that such quality does not ordinarily undergo considerable change. The distinction is that between things acquired and natural attributes. Evidence of the plaintiff's lack of intellectual capacity, when in his twenties, had a logical tendency to prove a similar lack ten years later. These exceptions are overruled.

At the close of the plaintiff's argument to the jury, the defendant claimed an exception to the following portion thereof: "Gentlemen, I believe if the Newmarket Manufacturing Company could only get their board of directors together and give it careful and fair consideration sitting right in those very chairs that you are sitting in, Gentlemen, they would say: 'Yes; just the same as those houses down there that George built, just the same as the mill and the produce and other things that we have got, are our honest assets, so Tony is our honest liability,' and whatever those different elements of damages figure up to, put it down."

Thereupon plaintiff's counsel made the following statement: "A

statement was made in my argument with regard to the board of directors of the Newmarket Manufacturing Company. Now, Gentlemen, I want to ask you in behalf of this plaintiff not to pay any attention to that at all; and I regret that I made any statement about the board of directors because that seems to be a point of objection here. And so please lay it out of your minds altogether, just as though I had not mentioned it."

The court charged the jury as follows: "I just want to add one thing, — I had a note of it, here. Something was said in the argument as to what the board of directors would do if this proposition was put up to them. I didn't follow the argument very closely myself, but objection was taken to it and brother Sleeper undertook to withdraw it. I don't know that he has done it satisfactorily to the defendant, so I want to instruct you now, gentlemen, that argument as to what the board of directors in a case of this kind would have done if the case was presented to them is not proper argument for you. That is entirely withdrawn from your consideration. You have nothing to do, you are not to guess what the board of directors or others would do with this case; it is just simply a question of what you will do with it, and no one else."

After the argument of the case in this court, the plaintiff was granted leave to apply to the presiding justice for a finding of error cured. After hearing the parties, the finding was refused.

The plaintiff claims that the exception was not taken seasonably. Whether such objections should be presented by an interruption of the argument (*Story* v. *Railroad*, 70 N. H. 364, 380), or reserved until its close, is a matter to be regulated by the justice presiding at the trial. The course here pursued appears to have had the approval of the court. The objection was treated as one made "within a reasonable time." *Bond* v. *Bean*, 72 N. H. 444, 447. It was dealt with as being properly presented, and the question raised is here for consideration.

The argument was manifestly improper. It contained a skilful alignment of the defendant's "honest assets" — its tenements, mills, produce and other things, set over against the injured plaintiff. This feature of the argument was specifically complained of. There was no effort to withdraw it, and the instruction given related only to the aspect of the argument dealt with in the withdrawal. In this situation it might well be doubted whether a finding of error cured could be sustained. But it is unnecessary to consider that question, since the finding has been refused.

It is too well settled to warrant further elaboration that counsel will not be permitted to urge either the wealth of the opposite party or the poverty of his client as ground for a verdict. *Chapman* v. *Lee*, 80 N. H. 484, 485, and cases cited.

As the verdict must be set aside for this reason, other objections to the argument need not be passed upon.

After the before-mentioned motion of the plaintiff had been denied in the superior court, the plaintiff moved for leave to apply to that court for a transfer of the arguments of counsel and the charge of the court, and for findings that the improper argument as to the defendant's directors was effectually eliminated from the case, as to what would have happened if objection had been made during the argument, that the jury followed the instructions of the court and that the damages were not excessive. The defendant resisted the motion.

Seasonable applications to perfect the record in this court, by the transfer of further matter from the superior court, are usually granted as a matter of course, when it does not appear that such action would be futile. But when no reason appears or is suggested why or how the new matter may change the result, the motion should be denied.

It is not perceived how the full arguments and charge can change the situation as to the portion of the argument because of which the verdict is set aside. The request to state what would have happened if objection had been made in a different way, presents an academic question of no moment here. The objection and exception having been treated as seasonable, the plaintiff cannot complain because the defendant did not take more energetic measures to save the plaintiff from the transgressions of his counsel. The other requests are not material to the present issue. It follows that the motion should be denied.

*Verdict set aside.*

All concurred.