Hillsborough,
No. 4752.

PAUL McDUFFEY & a. v. BOSTON & MAINE RAILROAD.

Argued June 3, 1959.

Decided June 30, 1959.

*McLane, Carleton, Graf, Greene & Brown* (*Mr. Brown* orally), for the plaintiffs McDuffey.

*Green, Green, Romprey & Sullivan* for Meyer Green, Adm'r of estate Irene F. McDuffey.

*Eugene J. Ratto, Burns, Bryant & Hinchey* and *Lawrence E. Spellman* (*Mr. Spellman* orally), for the defendant.

KENISON, C. J.   This litigation arises out of a collision at Littlefield's Crossing in the town of Newfields between an automobile operated by one of the plaintiffs and the defendant's train. Prior to trial the plaintiffs have sought and the Court has ordered discovery of "all written reports of accidents and near collisions at Littlefield's Crossing between highway users and the defendant's trains, in the possession of the defendant." The defendant contends that the order for discovery in this case is an unwarranted fishing expedition which should not be permitted under the doctrine of discovery as announced in recent cases. It contends that the present discovery order is a harassment and an impertinent intrusion into the defendant's files and is therefore not a proper object of discovery. The defendant finally urges the Court to review its recent decisions on discovery for the purpose of limiting

their breadth and scope. *Therrien* v. *Company*, 99 N. H. 197; *Reynolds* v. *Company*, 98 N. H. 251; *Lincoln* v. *Langley*, 99 N. H. 158. Counsel perform a useful function to the Bar and to the public in so doing as this at least serves to prevent the Court from unwittingly extending a legal doctrine beyond proper bounds.

Discovery in civil actions has been regarded in this jurisdiction as a proper procedural aid for the parties to prepare their case in advance of trial and has been given a broad and liberal interpretation. *Drake* v. *Bowles*, 97 N. H. 471; *New Castle* v. *Rand*, 101 N. H. 201. In encouraging use of discovery and depositions (*Krook* v. *Blomberg*, 95 N. H. 170) it has been pointed out that it operates with desirable flexibility under the discretionary control of the Presiding Justice of the trial court (*Drake* v. *Bowles, supra*) and that this is a logical method of preventing surprise and permitting both court and counsel to have an intelligent grasp of the issues to be litigated and knowledge of the facts underlying them. *Taylor* v. *Thomas*, 77 N. H. 410, 411; *LaCoss* v. *Lebanon*, 78 N. H. 413; *Krook* v. *Blomberg, supra,* 171. See Millar, Civil Procedure of the Trial Court in Historical Perspective, *c.* xiv (1952).

It should be noted that the use of discovery in this jurisdiction is not a recent development. The doctrine was launched after extended historical analysis in the landmark case of *Reynolds* v. *Fibre Co.*, 71 N. H. 332, which Wigmore quotes at length and regards as a sound opinion. VI Wig., Ev. (3d *ed.*) *s.* 1862. Subsequent cases have considered the doctrine but have not deemed it advisable to place any crippling limitations on the use of discovery. *LaCoss* v. *Lebanon, supra*; *Lefebvre* v. *Somersworth Co.*, 93 N. H. 354; *State* v. *Cote*, 95 N. H. 108; VI Wig., Ev. (3d *ed.*) *s.* 1859b.

While the use of discovery in this state has been regarded as a remedial device which has been given a liberal application, we have attempted to indicate that it is subject to limitations. *Staargaard* v. *Company*, 96 N. H. 17; *Villars* v. *Portsmouth*, 100 N. H. 453, 455. Thus in the *Staargaard* case (*p.* 19) the plaintiff sought to produce on deposition accident reports relating to all prior bus accidents. This was held to be too broad because "the requested records would include many relating to accidents the circumstances of which could have no possible 'legitimate bearing' on this issue." In *Currier* v. *Company*, 101 N. H. 205, we held that in actions for damages where loss of earnings was in issue, there could be discovery of federal income tax returns but the Trial

Court could impose stringent requirements on the production of such returns to prevent harassment or impertinent intrusion.

All of the cases cited above "have proceeded on the basic assumption that the orderly dispatch of judicial business is accomplished more efficiently where every plaintiff and every defendant is given adequate opportunity to properly prepare his case before trial." *New Castle* v. *Rand*, 101 N. H. 201, 202. We think this assumption continues to·be a sound one and that the parties will continue to get adequate protection against harassment and impertinent intrusion under the discretionary orders of the Trial Court subject to review only for abuse of discretion. *Ingram* v. *Railroad*, 89 N. H. 277; *Kusky* v. *Laderbush*, 96 N. H. 286; *Amoskeag-Lawrence Co.* v. *State*, 101 N. H. 101.

The fact that the discovery order in this case may produce evidence of accidents which will not be admissible in the actual trial because of dissimilarity in time or conditions, or because it would involve an undue confusion of collateral issues is not fatal. Beginning with *Reynolds* v. *Fibre Co.*, 71 N. H. 332, and continuing down to the present time discovery has been allowed of facts which are material to the proper preparation of the plaintiff's action or the defendant's defense thereof. *Reynolds* v. *Company*, 98 N. H. 251; *Lefebvre* v. *Somersworth Co.*, 93 N. H. 354, 356.

In the present case the discovery order seeks to obtain all written reports of accidents between "highway users" and the defendant's trains at Littlefield's Crossing. In oral argument it was stated that by "highway users" the plaintiffs did not seek to procure reports of accidents relating to pedestrians and other cases not involving motor vehicles. We therefore treat the discovery order as being limited to collisions with other motor vehicles. The discovery order contains no limitation on the period to be covered. This does not appear to have been discussed by the parties but of course the Trial Court has authority to limit the extent to which the defendant is required to produce written reports of accidents. We conclude that the Court's order for discovery limited to other motor vehicle accidents is not unreasonable and that the order is consistent with the decisions on discovery in this jurisdiction. Accordingly the order is

*Defendant's exceptions overruled.*

All concurred.