Herbert Stimpert, Administrator of the Estate of Rodney Gayle Stimpert, Deceased, Appellant, v. Richard Abdnour, Jr., and Richard Abdnour, Sr., Appellees.

Gen. No. 11,491.

Second District, First Division.

April 19, 1961.

Kevin D. Kelly, of LaSalle, and McNeilly & Olivero, of Peru, for appellant.

Zwanzig, Thompson & Lanuti, of Ottawa, for appellees.

SMITH, P. J.

Plaintiff-appellant appeals from a judgment of the circuit court of LaSalle County finding him in contempt of court, and imposing a $100.00 fine for refusing to comply with an order of the court requiring him to furnish to defendants-appellees a copy of a statement taken from the minor defendant, Richard Abdnour, Jr., by the plaintiff and his attorney a few days after the inquest and prior to the filing of the suit. By subjecting himself to contempt proceedings, the plaintiff has employed an appropriate method to test the validity of the pre-trial order to produce the document in question. Kemeny v. Skorch, 22 Ill.App.2d 160, 159 N.E.2d 489.

Plaintiff's intestate, his minor son, lost his life while riding as a guest passenger in a 1953 Ford owned by the defendant Richard Abdnour, Sr. and driven by the minor defendant, Richard Abdnour, Jr. One week after the inquest, where young Abdnour declined to testify on advice of counsel, plaintiff and his attorney went to the High School where the decedent and young Abdnour had been close friends and students together, and took a question and answer statement from young

160

Abdnour in the presence of a court reporter. Abdnour was questioned about the mechanical condition of his car and the recklessness and incompetency of his driving at the time of the accident. It is this statement which the plaintiff refused to produce on the order of the trial court. While we do not have the statement before us, it would seem from the complaint that the allegations of wilful and wanton misconduct on the part of young Abdnour, and the negligence of the senior Abdnour, are grounded in whole or in part from the information obtained during the taking of the statement. Among other things the complaint charges speeding, zig-zagging across the center line, defective brakes, defective mechanical condition and a defective front wheel. The questions and answers were later transcribed and are in the possession of plaintiff's lawyer.

The record further shows that the plaintiff attended the inquest and presumably heard what transpired there; that both boys were minors; that they had ridden together frequently; that neither the plaintiff nor any members of his family had talked with young Abdnour prior to the statement; and that the statements of young Abdnour in the document are at variance with his pre-trial deposition subsequently taken. In answer to interrogatories plaintiff readily admitted the taking of the statement and in open court offered to produce it for the court's examination on condition that it be neither shown to nor discussed with defense counsel. When ordered to produce the document for examination by defense counsel, plaintiff declined on the grounds that the document was exempt from pre-trial discovery under Supreme Court Rule 19–5(1), Par. 101.19–5(1), Chapt. 110, Ill. Rev. Stat. 1959, as a document prepared by or for a party in preparation for trial, and for the further reason that it was the work product of his attorney and was, for that reason,

exempt. The finding of contempt, imposition of the fine and this appeal followed in due course.

 The record leaves no doubt that the statement and its contents possess the relevancy and the materiality to the issues in the case to qualify it for pre-trial discovery procedure. The specific acts of negligence charged in the complaint against the defendant son and the defendant father, are in the evidentiary areas admitted by the plaintiff to have been covered in the statement. It is further stated by the plaintiff that the statement is at variance in these same areas with the defendant's pre-trial deposition subsequently taken. Without benefit of the statement before us, we cannot, with any degree of precision, determine whether its suitability for the plaintiff on the trial will be, as (a) an admission against interest in plaintiff's case in chief, (b) for the purpose of refreshing his recollection if he is called under Section 60 of the Civil Practice Act as an adverse witness, or (c) for impeachment should it develop on the trial that he may be properly called as a witness in his own behalf. Under any of these circumstances it would appear to have the relevancy and the materiality in the case which lends it subject to pre-trial discovery procedure. Plaintiff contends that it is insulated against such procedure for the reasons previously stated. The burden is on the party seeking that insulation, to establish its existence. Krupp v. Chicago Transit Authority, 8 Ill.2d 37, 132 N.E.2d 532; Haskell v. Siegmund, 28 Ill.App.2d 1, 170 N.E.2d 393.

 The various facets and the history of the problem have been recently fully discussed in Kemeny and Haskell, above cited, and we refer to them for developmental background. The cases cited in the briefs are fully discussed in those opinions and undue repetition is deemed unnecessary here. The particular clause of

162

Rule 19–5(1), with which they dealt and with which we here deal, reads as follows:

> "Disclosure of memoranda, reports or documents made by or for a party in preparation for trial . . . shall not be required through any discovery procedure."

Such clause is frequently confused with the so-called "work product" of the attorney, as if they were synonymous and encompass the same area. Such is not the case. Documents, reports and records may be entitled to statutory insulation against discovery even though prepared by other than members of the bar, so long as they are prepared by or for a party in preparation for trial. See Kemeny, above. Conversely, even though prepared by an attorney in preparation for trial, they may not, under all circumstances, be insulated against disclosure. In McGill v. Illinois Power Co., 18 Ill.2d 242, 163 N.E.2d 454, the plaintiff had taken the depositions of two witnesses in preparation for the prosecution of a claim under the Workmen's Compensation Act and before the principal suit was filed. These same two witnesses were co-defendants with the power company, in the principal suit. The corporate defendant demanded the pre-trial production of the depositions. The trial court refused to require it. In the Supreme Court the plaintiff took the same position and made the same contentions that the plaintiff does here. The Supreme Court disposed of both contentions in the following language:

> "Neither position is sound. The documents with which we are concerned are depositions taken pursuant to law. They are the product of the power of the State to compel the testimony of witnesses rather than the ingenuity or resourcefulness of any lawyer. The State makes available its com-

pulsory process to compel witnesses to attend and give testimony on a pre-trial deposition in order to assist in the ascertainment of the truth. To sanction something akin to a property right in the transcript of the testimony as taken would frustrate that purpose."

It is thus readily apparent that a shadow of doubt is cast upon the doctrine of Walker v. Struthers, 273 Ill. 387, 112 N. E. 961, where a property right in the statements of witnesses taken by an attorney precluded disclosure and production. In McGill that right has been successfully emasculated by the Supreme Court within the circumference of the specific facts then before it. In Haskell the Appellate Court for the Third District raised an inquiring eye-brow about the doctrine of Walker in the following language:

"We express no opinion otherwise, as to whether the holding in Walker v. Struthers case obtains under present day practice or irrespective of circumstances. Compare the recent pronouncements of our Supreme Court in criminal cases in People v. Moses, 1957, 11 Ill.2d 84; 142 N.E.2d 1, and People v. Wolff, 1960, 19 Ill.2d 318; 167 N.E.2d 197."

We are thus reminded that in instituting discovery procedures the General Assembly "acted in response to prevailing dissatisfaction with procedural doctrines which had exalted the role of a trial as a battle of wits and subordinated its function as a means of ascertaining the truth." Krupp, cited above. Indubitably, the discovery procedures promulgated by the Supreme Court under express legislative authority, Par. 58, Chapt. 110, Ill. Rev. Stat. 1959, were sired in the same atmosphere. In view of this atmosphere and of the holding in McGill, we do not regard Walker as unbending and inflexible under all circumstances.

164

We here are concerned with a rule judicially ordained for the regulation and guidance of our judicial household. We also deal with a lawyer's "work product" concept which had its origin, with some prophetic misgivings, in judicial pronouncement. Hickman v. Taylor, 329 U. S. 495. Both are urged by the plaintiff as protective insulation against the pre-trial disclosure of the document in question. Neither possesses any potency for that purpose. In 27 C. J. S. Discovery, Par. 71(8) it is stated:

> "While there may be some authority to the contrary, a party to an action for negligence who, shortly after the accident in issue, made or signed a written statement concerning the accident, which statement was taken by his adversary, by counsel or some other person on behalf of his adversary, is generally entitled to have such statement produced or a copy of it furnished him, provided such statement contains evidence material to the issues in the suit or relating to the action, or the statement could be offered in evidence or could be used in connection with the cross-examination of the party. This is particularly true where the circumstances surrounding the making of the statement indicate that the party making it may have been at some disadvantage."

█ We are here confronted with a statement taken from a minor without parental knowledge and without benefit of counsel present. It was taken a few days after the tragic death of a school chum and in the presence of the chum's father. It was taken a few days after an inquest where the minor declined to testify on the advice of counsel. It was taken under circumstances where the minor may well be said to have been at some disadvantage. The circumstances are legion where the protective cloak of the court is thrown

165

around the shoulders of a minor defendant, and it is the court's duty to do so. Muscarello v. Peterson, 20 Ill.2d 564, 170 N.E.2d 564. In the performance of that duty, no cogent reason appears why this document should not be produced prior to trial so that the court and the guardian ad litem may properly perform their duties to the minor. We do not believe that either Rule 19–5(1) or a work product concept may properly be pleaded as insuperable barriers to a court's duty to keep an ever protective eye on the rights of minor litigants. Under the circumstances of this case, the rule and the concept must yield to the hallowed rule of minor protectivity.

We are further aware that it is the philosophy of the American Bar Association and of the insurance industry that any witness may have a copy at any time of any statement made by him. This philosophy must have been born of need, of desirability and of purpose. Geared to the minority of this defendant, it has some probative and persuasive force. It would be irony personified, if a rule designed for the regulation of a house of justice, or a "work product" concept similarly designed, should create a Chinese wall barring us from fraternizing with the morals and ethics of the market place.

Finally, the goal of all judicial processes is to reach the truth and to reach it as early in the process as possible, so that cases may be evaluated, causes disposed of, and the trial courts exonerated from the role of playground supervisor. Let them assume their proper role of ascertaining the truth and administering justice consonant therewith. Where a minor is involved, justice does not require nor will it be promoted by permitting one party to trip another through some technical inconsistency or semantical variance between a statement and testimony given some years later on the trial. The adjudication of important rights should

not be grounded on such a nebulous foundation. For these reasons we are persuaded that the statement in question should be now produced and not withheld as a surprise tactic on the trial. Accordingly, the judgment of the trial court should be, and it is, hereby affirmed.

Affirmed.

McNEAL, J. and DOVE, J., concur.