Strafford,
No. 5467.

HARTFORD ACCIDENT AND INDEMNITY CO.

*v.*

JACKSON G. CUTTER & *a.*

Argued January 4, 1967.
Decided April 28, 1967.

*Charles F. Hartnett* ( by brief and orally ), for the plaintiff Hartford Accident and Indemnity Co.

*Flynn, Powell & McGuirk* and *Raymond P. Blanchard* ( *Mr. Blanchard* orally ), for the defendant Jackson G. Cutter.

LAMPRON, J. The motion for discovery alleges that on June 7, 1963, when Dan Cutter was injured, Jackson Cutter was insured by the plaintiff and shortly thereafter he gave to an agent of the company a signed statement containing details of Dan's accident. Jackson further alleges in his motion that he was not represented by counsel at the time and that he was not given a copy of his statement. He also alleges that a copy of this statement is essential to the preparation of his case and that the company has "arbitrarily, capriciously and wrongfully" refused to produce one for him.

Discovery, together with depositions, interrogatories, and pre-trial hearings, are important procedures for probing in advance of trial the adversary's claims and his possession or knowledge of information pertaining to the controversy between the parties. Their underlying purpose is to reach the truth and to reach it as early in the process as possible by narrowing the issues thus enhancing the chances for a fair and amicable settlement and, this failing, shortening the ensuing trial which will be decided "on the basis of pertinent evidence rather than the rules of evidence." *State* v. *Cote*, 95 N. H. 108, 111; *Reynolds* v. *Company*, 98 N. H. 251, 253; *Stimpert* v. *Abdnour*, 30 Ill. App. 2d 159, 166.

These pre-trial devices have supplanted the "older notion which dominated trials at common law . . . the right of each party to keep from disclosure the facts which he intended to show at trial

beyond the very limited disclosure he was required to make in his pleadings or by an occasional order for particulars. " James, Civil Procedure, *s.* 6.2, *p.* 183 ( 1965 ). To permit these pre-trial procedures to accomplish their beneficial purposes the circumstances warranting their use have been given a liberal interpretation by our courts. *McDuffey* v. *Boston & Maine R. R.*, 102 N. H. 179, 181. It has been recognized also that "the process must be kept within reasonable limits. " *Smith* v. *Am. Employers' Ins. Co.*, 102 N. H. 530, 535.

On the record before us we cannot hold the statement of the defendant assured, made to the plaintiff's agent shortly after the accident, exempt from discovery under the work product rule. *Hickman* v. *Taylor*, 329 U. S. 495; *Therrien* v. *Company*, 99 N. H. 197, 200; *Riddle Spring Realty Co.* v. *State*, 107 N. H. 271, 274. An argument has been advanced that such statements nevertheless should not be subject to discovery "if impeachment is not to become a hollow sham. " 7 Arizona L. Rev., 283, 295. The underlying reason given is that as long as we operate under the adversary system it is essential that a party possess some weapon which will prevent the other party from overstating his case. *Id.*, 293. In other words, the taker of a statement should not, in the absence of fraud, imposition or other such circumstances, be deprived of the right to compare the testimony given at the trial with the statement previously signed by that person, which right would be jeopardized by pre-trial disclosure. *McCoy* v. *District Court*, 126 Colo. 32, 37.

Contrawise it is maintained that justice does not require nor will it be promoted by permitting one party to trip another "through some technical inconsistency or semantic variance" between a statement and testimony given some years later at the trial. See *Stimpert* v. *Abdnour*, 30 Ill. App. 2d 159, 166. Defendant has called attention in his brief to statements of principles by representatives of the American Bar Association and of various business and professional groups, including the insurance industry, to the effect that "if any witness making a signed statement so requests, he shall be given a copy thereof. " III Martindale-Hubbell, *pp.* 192A, 193A ( 1966 ). Such declarations prompted the court in *Stimpert* v. *Abdnour, supra*, to say that "this philosophy must have been born of need of desirability and of purpose. " See *Spellman* v. *Metropolitan Transit Auth.*,

328 Mass. 446. Argument has also been advanced that "common courtesy . . . suggests that an injured person signing a statement of supposed facts be furnished with a copy of it" and that "considering the unreasonableness of keeping his subsequently employed attorney in the dark as to what may have been incautiously, ignorantly or with illiteracy, signed" an order entitling the party to a copy of his own statement would be amply justified. Annots., 166 A.L.R. 1429, 1431-1432; 73 A.L.R. 2d 12, 75.

We are of the opinion that discovery of a statement by an assured to his insurer, such as in this case, should not be denied as a matter of law. This would be an unfortunate reversion to the "sporting theory of justice" based on the fear that if an unscrupulous adversary learned in advance what evidence would be brought against him he would have the chance to fabricate other evidence to avoid its thrust. 6 Wigmore, Evidence ( 3d *ed.* ) *s.* 1845, *p.* 374; 46 B. U. L. Rev. 435 ( 1966 ). Traditionally our courts have subscribed to the principle that it is essential to the achievement of justice that evidence be brought to light by discovery and other pre-trial procedures in time for both parties to evaluate it and adequately prepare for trial. *McDuffey* v. *Boston & Maine R. R.,* 102 N. H. 179, 181.

On the other hand we recognize that these procedures can produce abuses and must be limited to obviate them. *Staargaard* v. *Company,* 96 N. H. 17; *Smith* v. *Am. Employers Ins. Co.,* 102 N. H. 530, 535. However, instead of this court placing arbitrary crippling limitations on the use of discovery, we are of the opinion that abuses can be prevented by exercise of discretion by the Trial Court. *McDuffey* v. *Boston & Maine R. R., supra.* Thereon rests in great measure the success of pre-trial procedures. *Riddle Spring Realty Co.* v. *State,* 107 N. H. 271, 278; 46 B. U. L. Rev. 435, 453. Discretion should be exercised, however, in a manner consonant with the concept that the orderly dispatch of judicial business is accomplished more efficiently when the parties are given adequate opportunity to properly prepare their case in advance of trial. *New Castle* v. *Rand,* 101 N. H. 201, 202; *Gibbs* v. *Prior,* 107 N. H. 218, 222.

There being no transcript of the hearing on defendant's motion for discovery, we are unable to determine whether or not the Trial Court's order denying discovery was made in the exercise

of discretion. In this situation the appropriate procedure is to return the case to the Superior Court for whatever further proceedings justice may require.

*Remanded.*

All concurred.