**Joseph G. TIGHE, Administrator of Estate of James F. Tighe, Deceased, Plaintiff,**

**v.**

**John Joseph SHANDEL, individual defendant, and Ellyson's Inc., an Ohio corporation, Defendants.**

**Civ. No. 66-1037.**

United States District Court
W. D. Pennsylvania.

Feb. 26, 1968.

William G. Boyle, of Meyer, Unkovic & Scott, Pittsburgh, Pa., for plaintiff.

H. Fred Mercer, Jr., Craig Stockdale and John Repcheck, of Mercer & Buckley, Pittsburgh, Pa., for defendants.

## MEMORANDUM

SORG, District Judge.

The above named plaintiff claims damages under the Pennsylvania Wrongful Death and Survival Statutes and has directed the following interrogatories to the defendant, John Joseph Shandel, under Rule 33 of the Federal Rules of Civil Procedure:

1. At the time of the collision did a policy or did policies of public liability insurance cover:

    (a) You?

    (b) The truck you owned or drove at the time of the collision?

    (c) The owner or driver of the vehicle?

    (d) Any other person?

2. If the answer to any of the previous questions is that coverage existed, state:

    (a) The name of any insurance carrier providing the coverage;

    (b) The limits of liability coverage provided by each insurance carrier.

Plaintiff's decedent met his death as the result of a collision between two motor

vehicles proceeding in opposite directions. The defendant, vigorously contesting liability, has objected to the above interrogatories. The sole issue, therefore, is whether or not information concerning insurance coverage falls within the area of the discovery rules, which, for present purposes is outlined in Rule 26(b), as follows:

" * * * any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the examining party or to the claim or defense of any other party, including the existence, description, nature, custody, condition and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of relevant facts. * * * "

The defendant, for obvious reasons, does not assert that the subject matter of the interrogatories is privileged, but relies on the contention that, because it is inadmissible in evidence with respect to the issue of negligence and damages, it does not fall within the field of discovery pertaining to those issues. The fallacia consequentis in this contention, however, emerges from a recognition of the well-known procedures and resources that are not privileged but might properly be brought into play by an insurance carrier after the occurrence of an accident in which its insured becomes involved. Knowledge of the existence and identity of such a carrier, interested as it naturally is in all matters pertaining to the claims and defenses of the parties, would certainly "appear reasonably calculated to lead to the discovery of admissible evidence" or to "the location of persons having knowledge of relevant facts" squarely within the specific terms of the discovery rules. Defendant Shandel's objection to interrogatories 1(a), (b) and (c), dealing as they do with this phase of the issue, is clearly without merit.

The propriety of the interrogatory which deals with the amount of insurance coverage, although not so clear, in that it may not reasonably be calculated to lead to admissible evidence, should likewise be sustained. Numerous authorities cited by the parties are about equally divided on this issue, and in the Third Circuit, only the Middle District of Pennsylvania permits the discovery sought by the plaintiff here. The Court of Appeals has not ruled on the subject. Unlike the Middle District of Pennsylvania, the members of the court for this District are not in agreement. Though much has been declared pro and con concerning the wisdom and equity of a policy permitting such discovery, it is the opinion of this member of the court that the interrogatories sub judice are in conformity with the intent and purposes of the Federal Rules of Civil Procedure pertaining to discovery, and the conclusions reached by Judge Follmer in Slomberg v. Pennabaker, 42 F.R.D. 8 (M.D.Pa.1967), should be adopted.

The discovery rules are not limited to subject matter admissible in evidence. Rule 26(a) specifically states:

"Any party may take the testimony of any person, including a party, by deposition upon oral examination or written interrogatories *for the purpose of discovery* or for use as evidence in the action or for *both purposes*." [Emphasis added.]

Further, Rule 1 prescribes:

"They [the rules] shall be construed to secure the just, speedy, and inexpensive determination of every action."

This court concludes that the disclosure of insurance coverage and the extent thereof is more conducive to the just, speedy and inexpensive determination of litigation than the withholding of such information, and although the information may not be relevant to the issues of negligence and damages, it is

not only of great interest and concern to the plaintiffs in most actions, but is relevant to the "subject matter involved in such actions." The liability of any person, named or unnamed, is a matter "involved" in all actions, especially those where such person assumes control of the proceedings in behalf of a party, and falls within the intent of the discovery rules.

■ Defendant's objections to interrogatories 1(a), (b) and (c), and 2(a) and (b) will be overruled; his objection to 1(d) will be sustained.