Jack BEAL, a minor, by Nellie Ruth Beal, parent and natural guardian and Nellie Ruth Beal, in her own right, Plaintiffs,

v.

ZAMBELLI FIREWORKS MANUFACTURING COMPANY, a Pennsylvania corporation, Defendant and Third-Party Plaintiff,

v.

CITY OF WELLSVILLE, OHIO, a municipal corporation, and Knights of Columbus, Council No. 507, Wellsville, Ohio, a non-profit fraternal organization, and James N. McPeak, individual, Frank J. Roberts, individual, and Robert Coleman, individual, Third-Party Defendants.

Civ. A. No. 68-886.

United States District Court
W. D. Pennsylvania.

Feb. 25, 1969.

**450**

Paul F. Laughlin, of McArdle & Mc-Laughlin, Pittsburgh, Pa., for plaintiffs.

James B. Yelovich, of McDonnell & Yelovich, Pittsburgh, Pa., for defendant.

Cosmos J. Reale, Pittsburgh, Pa., for City of Wellsville, Ohio, third-party defendant.

Donald W. Bebenek, of Meyer, Darragh, Buckler, Bebenek & Eck, Pittsburgh, Pa., for remaining third-party defendants.

## OPINION AND ORDER

MARSH, District Judge.

In this diversity suit for personal injuries, the plaintiff has served interrogatories upon the defendant requesting it to disclose the names of its liability insurers and the limits of their policies. The defendant objected, and plaintiff moved to compel the answers. In our opinion, the motion should be denied and the objections sustained.

The courts are not in agreement on this subject. Rule 26(b), Fed.R.Civ.P., which is entitled to liberal interpretation, provides for discovery of testimony "reasonably calculated to lead to the discovery of admissible evidence." Logically, the assets of a defendant, insurance or otherwise, would not lead to discovery of admissible evidence; compulsory discovery, prior to judgment, of insurance policies, like compulsory discovery of stocks and bonds and other assets, invades rights of privacy and the right to refrain from disclosing confidential affairs. On the other hand, disclosure of limits of insurance, in some cases and especially those involving individual motorists charged with negligence (frequently without other resources), will enable counsel for both sides to make the same realistic appraisal of their case, so that settlement and litigation strategy are based on knowledge and not speculation. Such disclosure undoubtedly would be conducive to settlement and avoid protracted litigation in some cases, though in others it may have the opposite effect.

To me the weight of reason appears to be on the side of interpreting the rule as not contemplating or permitting disclosure by discovery of insurance matters or other assets of a defendant prior to judgment.

I have adhered to this rule since it was pronounced in 1952 by Chief Judge Kirkpatrick in McClure v. Boeger, 105 F. Supp. 612 (E.D.Pa.1952). Since then Chief Judge Gourley of this court has refused disclosure of insurance coverage in Rosenberger v. Vallejo, 30 F.R.D. 352 (W.D.Pa.1962); it has been refused by Chief Judge Wright in the District of Delaware in Gangemi v. Moor, 268 F. Supp. 19 (D.Del.1967); and by Chief Judge Augelli in the District of New Jersey in Bisserier v. Manning, 207 F. Supp. 476 (D.N.J.1962).

Disclosure has been compelled in the Middle District of Pennsylvania, Slomberg v. Pennabaker, 42 F.R.D. 8 (M.D. Pa.1967); and by Judge Sorg in this district in an opinion adopting the conclusions in *Slomberg*,[1] Tighe v. Shandel,

---

1. See comments on Slomberg in Gangemi v. Moor, supra, p. 21.

46 F.R.D. 622 (D.C.1968). I have compelled disclosure of policy limits, not for discovery, but in special circumstances, such as when a minor plaintiff is involved and the defendant without other known assets offers to settle within the limits of his insurance policy. Since the court must approve the minor's settlement, I think the policy and its limits should be disclosed. Also, see the exceptional circumstances requiring disclosure mentioned by Chief Judge Gourley in Rosenberger v. Vallejo, *supra*.

In the case sub judice, there is no proof that the defendant corporation is insolvent or otherwise unable to pay a judgment; nor has it admitted liability, nor offered to settle within limits of its insurance policy or policies.

The cases on both sides of the question have been reviewed by Judge Holtzoff in Cook v. Welty, 253 F.Supp. 875 (D.D.C. 1966), which favors disclosure, and by Judge Wilson in Hillman v. Penny, 29 F.R.D. 159 (E.D.Tenn.1962), which denied disclosure. See also, cases collected in 2A Barron & Holtzoff, Federal Practice and Procedure, § 647.1, nn. 45.5, 45.6 (Wright ed. 1961).

In my opinion I should adhere to my former decisions for the sake of consistency. This is especially so since the judges of this district, unlike those in the Eastern District and Middle District of Pennsylvania,[2] have not adopted a uniform court policy. Moreover, since the Preliminary Draft of Proposed Amendments to Rules of Civil Procedure for the United States District Courts, 43 F.R.D. 211, at pp. 225–230, recommends an amendment specifically authorizing disclosure of insurance agreements, it seems to fortify my view that the discovery rules, without the amendment, are insufficient to compel disclosure.

As stated in Jeppesen v. Swanson, 243 Minn. 547, 68 N.W.2d 649, 658 (1955),[3] "it would be far better to amend the rules so as to state what may and what may not be done in that field than to stretch the present discovery rules so as to accomplish something which the language of the rules does not permit."

An appropriate order will be entered.

---

2. See Beal v. Schul, 383 F.2d 401 (3d Cir. 1967), dissenting opinion.

3. The Minnesota rule is identical to federal rule 26(b).