Patricia E. HELMS
v.
The RICHMOND–PETERSBURG TURN-
PIKE AUTHORITY
and
Alvin Roberts.
Civ. A. No. 185–70–R.

United States District Court,
E. D. Virginia,
Richmond Division.

May 3, 1971.

E. Milton Farley, III, Joseph M. Spivey, III, Thomas G. Slater, Jr., Hunton, Williams, Gay, Powell & Gibson, Richmond, Va., for plaintiff.

G. Kenneth Miller, May, Garrett & Miller, Richmond, Va., for defendants.

## MEMORANDUM

MERHIGE, District Judge.

The above styled action involves an accident which occurred on the Richmond-Petersburg Turnpike. The plaintiff, while walking along the shoulder of Interstate 95, was struck by a truck fitted with a snowplow blade, owned by the defendant Authority, and driven by defendant Roberts. As a result of the accident both of plaintiff's legs were amputated.

The plaintiff now seeks to discover the existence and contents of any insur-

ance agreements which may be of benefit to the defendants, citing as authority Fed.R.Civ.P. 26(b) and 33, 28 U.S.C. The defendants contest the right of discovery for three reasons: (1) it is not within the scope of the rule; (2) the matters to be discovered are not relevant nor do they call for answers and/or testimony which might be reasonably calculated to lead to admissible evidence, and (3) Rule 26(b) (2) is unconstitutional.

Fed.R.Civ.P. 26(b) (2), effective July 1, 1970, reads as follows:

(2) *Insurance Agreements*. A party may obtain discovery of the existence and contents of any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment. Information concerning the insurance agreement is not by reason of disclosure admissible in evidence at trial. For purposes of this paragraph, an application for insurance shall not be treated as part of an insurance agreement.

■ By virtue of the very language of the Rule itself, i. e., the Rule covers insurance agreements, and the conditions of relevancy and admissibility are excepted, the first two grounds of objection are without merit, and must be denied.

The third basis of the defendants' objection is formed on five separate alleged constitutional deprivations caused by the Rule. They contend that Rule 26(b) (2) deprives defendants of personal and property rights without due process of law; grants special privileges to a favored class of litigants; denies defendants equal protection of the laws; amounts to a judicial sanction for an unlawful search and seizure; and is an unlawful invasion of privacy.

■ 28 U.S.C. § 2072 governs the passage of the Rules. This enabling statute specifically states that no Rule is to abridge, enlarge, or modify the substantive rights of any party. Anyone contending that a Rule having been prescribed by the Supreme Court as a rule of procedure is substantive in nature, and a constitutional attack amounts to such a contention, carries a heavy burden. H. F. G. Co. v. Pioneer Pub. Co., 162 F.2d 536, 539 (7th Cir. 1947). A strong presumption exists that the Supreme Court, in prescribing the Rule, acted within the scope of its power. *Id.*

No case has construed Rule 26(b) (2). There are some cases involving discovery of insurance policies, but they all occurred before 26(b)(2) took effect. See, e. g., Beal v. Zambelli Fireworks Manufacturing Company, 46 F.R.D. 449 (W.D.Pa.1969); Landkammer v. O'Laughlin, 45 F.R.D. 240 (S.D.Iowa 1968); Hillman v. Penny, 29 F.R.D. 159 (E.D.Tenn.1962); Gallimore v. Dye, 21 F.R.D. 283 (E.D.Ill.1958). None of these cases discussed the constitutionality of discovery of insurance policies, and are not determinative.

■ The Court finds it unnecessary to discuss each of the defendants' contentions. The Rule is, as intended, procedural, there being no change in the admissibility of such agreements. Further, disclosure of such policies is not a significant invasion of privacy, and in this Court's view to say disclosure will lead to further disclosures which should be sanctioned is too speculative to be cognizable, especially in view of the passage of a rule limited specifically to insurance agreements. Thus, the Rule is not an abridgement of the defendants' constitutional rights.

■ The defendants have asked that the Court's ruling be treated as one within the purview of 28 U.S.C. § 1292(b). The Court is not of the opinion that the question now before it amounts to a controlling question of law about which there is a substantial difference so as to justify such action.

An appropriate order will enter.