Cheshire
No. 6561

MARIE E. SAWYER, EXECUTRIX OF THE
ESTATE OF CARL R. SAWYER

v.

FRANCIS L. BOUFFORD

MARIE E. SAWYER

v.

SAME

November 30, 1973

*Goodnow, Arwe & Ayer and McLane, Carleton, Graf, Greene & Brown (Mr. Stanley M. Brown* orally) for the plaintiffs.

*Bell & Kennedy (Mr. William H. Kennedy* orally) for the defendant.

LAMPRON, J. Motion for discovery by deposition of the defendant in actions for personal injuries and the subsequent death of Carl R. Sawyer and for loss of consortium arising out of an automobile-pedestrian accident in Keene on January 20, 1969. Plaintiff moved that the defendant be ordered to produce at deposition documents relative to his net worth and to answer questions as to the extent to which he might have assets to reach in addition to his liability insurance policy which has been disclosed to have a limit of $25,000.00 Defendant's exception to the granting of the motion was reserved and-transferred by *Grant,* J.

The issue, which is of first impression in this jurisdiction, is whether a defendant-in a personal injury and wrongful death action must disclose his financial situation on deposition prior to trial in order to apprise the plaintiff of his ability to respond to a verdict in excess of his insurance coverage.

The underlying purpose of discovery, whether by means of depositions, interrogatories or pretrial hearings is to reach the truth and to reach it as early in the process as possible by narrowing the issues pertaining to the controversy between the parties. *Hartford Accident &c. Co. v. Cutter,* 108 N.H. 112, 113, 229 A.2d 173, 175 (1967). Another important object of such procedures, especially in these days of crowded dockets, is to enhance the chances for a fair and amicable settlement. *Id.* Recent decisions of this court have stressed the importance of broad pretrial discovery. *Willett v. General Elec. Co.,* 113 N.H. 358, 359, 306 A.2d 789, 790 (1973); *Workman v. Public Serv. Co.,* 113 N.H. 422, 308 A.2d 540 (1973). However, there are competing policies which require imposing some limitations on discovery. *Willett v. General Elec. Co. supra; McDuffey v. Boston & Maine R.R.,* 102 N.H. 179, 181, 152 A.2d 606, 608 (1959); M. Green, Basic Civil Procedure 124 (1972).

We have held in the domain of financial disclosures that

federal income tax returns are not privileged as a matter of law when they are material to the claims of the parties. *Currier v. Company,* 101 N.H. 205, 137 A.2d 405 (1957). Discovery of records pertaining to bank accounts and other transactions has been held permissible when the financial resources of a party are an essential element in issue in the proceedings before the court. *Calderwood v. Calderwood,* 112 N.H. 355, 296 A.2d 910 (1972); *Durocher's Ice Cream Co. v. Peirce Construction Co.,* 106 N.H. 293, 210 A.2d 477 (1965). RSA 498:2-a (Supp. 1972) authorizes the superior court in its discretion to require disclosure of the limits of insurance coverage in a tort action for negligence if "the court feels it would assist in the settlement of the case . . . . "

All of the above situations fall far short of the order in this case which compels the defendant to reveal his financial worth prior to an adjudication of his liability in a tort action in which his resources are not, and cannot be, an issue in the litigation. *See Dziedzic v. Company,* 82 N.H. 472, 136 A. 261 (1927); *Hillman v. Penny,* 29 F.R.D. 159, 161 (E.D. Tenn. 1962). The disclosure of insurance coverage authorized by RSA 498:2-a (Supp. 1972) is in conformity with the holding of this court that such policies are intended not only to protect the insured but also to afford protection to those injured in an automobile accident. *American Mut. Ins. Co. v. Chaput,* 95 N.H. 200, 60 A.2d 118 (1948); *see Gangemi v. Moor,* 268 F. Supp. 19 (D. Del. 1967). The insurance policy is a special asset obtained by the defendant for the particular purpose of indemnity against suits resulting from automobile accidents. Disclosure of its existence and limits would tend to adjust the plaintiff's settlement objective and to eliminate the risk to defendant's personal assets. Hence whatever invasion of privacy is involved is counterbalanced by the probable advantages resulting from disclosure. *See Helms v. Richmond-Petersburg Turnpike Auth.,* 52 F.R.D. 530 (E.D. Va. 1971); 4 J. Moore, Federal Practice, para. 26.01 [18], at 26-44 (2d ed. 1970).

In the present case, however, the disclosure of substantial assets by the defendant is not likely to produce a settlement advantageous to him. The benefit which would result to the plaintiff from a disclosure by facilitating the decision to settle

or go to trial is considerably outweighed by the unwarranted invasion of the defendant's right of privacy in this area. *See Hamberger v. Eastman,* 106 N.H. 107, 206 A.2d 239 (1964). A groundless claim could become an excuse to make full inquiry into all the confidential assets of a defendant involved in an automobile accident before his liability is adjudicated. Furthermore an imaginative plaintiff is not helpless. By other means such as examination of public records and by private investigation he can usually obtain sufficient information without the need to invade the right of privacy of the defendant by deposition before trial. We are not prepared under the circumstances of this case and at this stage of the proceeding to sustain an order requiring the defendant to disclose his financial worth. *Farnum v. Bristol-Myers Co.,* 107 N.H. 165, 219 A.2d 277 (1966); *Doak v. Superior Ct.,* 257 Cal. App. 2d 825 (1968); *see Beal v. Zambelli Fireworks Mfg. Co.,* 46 F.R.D. 449 (W.D. Pa. 1969); *Helms v. Richmond-Petersburg Turnpike Auth.,* 52 F.R.D. 530 (E.D. Va. 1971); Fed. R. Civ. P. 26 (b); Annot., *Pretrial Discovery of Defendant's Financial Worth on Issue of Damages,* 27 A.L.R.3d 1375 (1969); F. James, Civil Procedure 6.12, at 215 (1965). The order of the trial court is vacated.

*Defendant's exception sustained.*

All concurred.