Schoepfer v. UNH                    CV-97-402-SD   01/04/99

UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEW HAMPSHIRE

Joann D. Schoepfer,
 f/k/a Shelan

           v.                         Civil No. 97-402-SD

The University System
 of New Hampshire, et al

                        O R D E R

     This is an employment discrimination action in which, at
this juncture, the court addresses the issues raised by certain
pending motions.


1.  Plaintiff's Motion to Compel Answers to Interrogatories and

Appropriate Responses to Production of Documents, document 18

     Plaintiff in part grounds her rights of recovery on 42
U.S.C. § 1983.[1]  Document 1,[2] ¶¶ 7, 66, 67, 78, 80, 84, 88, 90,
Prayer for Relief A.  Accordingly, plaintiff's third set of

_____

     [1]42 U.S.C. § 1983 provides, in pertinent part:

          Every person who, under color of any statute,
          ordinance, regulation, custom, or usage, of any
          State or Territory or the District of Columbia,
          subjects, or causes to be subjected, any citizen
          of the United States or other person within the
          jurisdiction thereof to the deprivation of any
          rights, privileges, or immunities secured by the
          Constitution and laws, shall be liable to the
          party injured in an action at law, suit in equity,
          or other proper proceeding for redress. . . .

     [2]Document 1 is the plaintiff's complaint.

interrogatories with related requests for production of documents sought information concerning the income and net worth of defendant Roger Beaudoin. Defendant Beaudoin has refused to furnish such information to plaintiff.

Plaintiff therefore moves to compel production of such information, Rule 37(a)(2)(B), Fed. R. Civ. P.;[3] and also seeks recovery of attorney fees and costs attendant upon her motion. Rule 37(a)(4)(A), Fed. R. Civ. P.[4] The defendant objects. Document 21.[5]

Punitive damages are recoverable under 42 U.S.C. § 1983 "when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous

---

[3]Rule 37(a)(2)(B) provides for the circumstances where, when discovery is refused, "the discovering party may move for an order compelling an answer."

[4]Rule 37(a)(4)(A) provides that where a motion to compel has been made, upon granting of the motion

> the court shall, after affording an opportunity to be heard, require the party . . . whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees, unless the court finds that the motion was filed without the movant's first making a good faith effort to obtain the . . . discovery without court action, or that the opposing party's nondisclosure, response or objection was substantially justified, or that other circumstances make an award of expenses unjust.

[5]Defendant missed the temporal deadline for filing of this objection and accordingly has filed an assented-to motion to extend the time for filing of said objection, which assented-to motion is herewith granted. Document 22.

indifference to the federally protected rights of others." Smith v. Wade, 461 U.S. 30, 56 (1983). And, traditionally, evidence of a tortfeasor's wealth is admissible as a measure of the punitive damages that should be awarded. Newport v. Fact Concerts, Inc., 453 U.S. 247, 270 (1981). See also RESTATEMENT OF TORTS (SECOND) § 908. In this circuit, jurors must balance "the grievousness of the conduct, the solvency of the guilty party, and the potential for deterrence" of any punitive damage verdict. Rowlett v. Anheuser-Busch, Inc., 832 F.2d 194, 207 (1st Cir. 1987) (emphasis supplied).[6]

As leading commentators have stated:

> The goal of punitive damages to deter and punish the defendant cannot be achieved unless the size of the award is based on the defendant's financial worth. Therefore, the defendant's net worth is a material issue, and the plaintiff is entitled to use discovery procedures to obtain the evidence and present it at trial.

---

[6]Because plaintiff relies on her right to recover punitive damages pursuant to federal law, defendant misplaces reliance on the New Hampshire cases of Vratsenes v. New Hampshire Auto, Inc., 112 N.H. 71, 289 A.2d 66 (1972) (concerning recovery of exemplary damages under state law), and Sawyer v. Bouffard, 113 N.H. 627, 312 A.2d 693 (1973) (concerning right of discovery of solvency of defendant in a state law tort action).

1 LINDA L. SCHLUETER & KENNETH R. REDDEN, PUNITIVE DAMAGES § 5.3(f)(2), at 272 (3d ed. Michie Butterworth 1995).

However, because of potential prejudice caused by premature disclosure of such evidence to the fact finder, various methods have been adopted to mitigate the effect of such premature disclosure. Id. at 272-75. This court believes the better approach to be to permit discovery now, cabined by restriction of dissemination of the information and the subsequent utilization of bifurcation and special verdicts to prevent the jury from misusing the evidence of defendant's solvency when addressing the initial issues of liability and/or compensatory damages. See BMW of North America, Inc. v. Gore, 517 U.S. 559, 613-14 & n.6, 618-19 (1996) (Ginsberg, J., dissenting) (describing bifurcation in various state legal fora).

Accordingly, plaintiff's motion is granted, conditioned on the requisite that upon receipt the evidence of the solvency of defendant Beaudoin is to be restricted to plaintiff's trial counsel alone. Additionally, no mention of such evidence is to be addressed in the opening statement or in the course of the trial in chief. At the close of trial, the jury will be given a special verdict form directing them to consider whether plaintiff has proven the legal elements of punitive damages. Only if an affirmative answer thereto is returned will the trial be resumed for the purpose of introduction of evidence of the solvency of

defendant Beaudoin, and the jury will then again retire to determine the amount of punitive damages to be awarded.

Having granted the motion as conditioned hereinabove, the court turns to whether plaintiff's request for attorney fees and costs is to be granted. A rebuttable presumption exists in favor of imposition of such sanctions, absent substantial justification for the refusal to comply with the discovery sought. 7 MOORE'S FEDERAL PRACTICE § 37.23[1], at 37-4 (Matthew Bender 3d ed. 1997). Defendant, however, is entitled to be heard orally or by medium of written submissions in objection thereto. Id. § 37.23[5], at 37-57.

Accordingly, within ten days of the date of this order, counsel for plaintiff should furnish the court with its records of contemporaneous legal fees and expenses incurred in presenting this motion, and within ten days thereafter defendants' counsel should furnish its written submissions in opposition thereto. The court will thereafter rule on the motion for such fees and expenses.

2. Defendant Beaudoin's Motion to Continue Trial of March 16, 1999, document 19

By notice dated September 8, 1998, the parties were advised that this action was set for final pretrial on February 9, 1999,

5

with jury selection to follow on March 16, 1999.[7] Defendant Beaudoin, however, apparently has vacation travel plans for the period of March 12 through March 20, 1999, and he therefore requests a "minor continuance" in the scheduling of the trial and also seeks to continue the final pretrial.[8] Plaintiff objects. Document 20.

The ground of the objection is that plaintiff is suffering from metastatic cancer, and it is in her best interests that this case be disposed of as expeditiously as possible. In light of these circumstances, it appears to the court that there is no reason why the final pretrial cannot be held as scheduled on February 9, 1999, and jury selection cannot be held as scheduled on March 19, 1999, delaying, if necessary, the actual commencement of trial until defendant Beaudoin is available to participate therein. Accordingly, defendant's motion is denied.

3. Conclusion

For the reasons set forth, the court has granted plaintiff's motion to compel, conditioned as limited by the terms and condi

_____

[7]As of this writing, the case is number three on the list for jury selection on March 16, 1999.

[8]Unfortunately, defendant Beaudoin makes no suggestion as to the temporal extent of the "minor continuance." If not reached in March 1999, this case will necessarily have to be sent over until the late summer, as this court is currently calendared for trials up to July 1999.

tions of this order, and has denied the defendant's motion for
continuance of the trial and final pretrial herein.

SO ORDERED.

_____
Shane Devine, Senior Judge
United States District Court

January 4, 1999

cc:  John M. Lewis, Esq.
     Martha V. Gordon, Esq.