ALICE M. SPELLMAN vs. METROPOLITAN TRANSIT AUTHORITY.

Middlesex. January 10, 1952. — February 29, 1952.

Present: QUA, C.J., LUMMUS, RONAN, WILKINS, SPALDING, & WILLIAMS, JJ.

*Evidence*, Statement in writing by party. *Error*, Whether error harmful. *Practice, Civil*, Exceptions: whether error harmful.

G. L. (Ter. Ed.) c. 233,. § 23A, inserted by St. 1945, c. 424, § 1, was applicable to an unsolicited letter sent to one against whom the writer of the letter later brought an action for personal injuries, and setting forth "a claim for personal injuries . . . received" and the place, time and manner of their receipt.

Error at the trial of an action for personal injuries through the admission in evidence contrary to G. L. (Ter. Ed.) c. 233, § 23A, inserted by St. 1945, c. 424, § 1, of a letter by the plaintiff to the defendant concerning the sustaining of the injuries was prejudicial to the plaintiff where statements in the letter furnished strong support for the defendant's theory of the case and there was a verdict for the defendant.

TORT. Writ in the Superior Court dated September 18, 1946.

The action was tried before *Morton*, J.

In this court the case was argued in January, 1952, before *Qua*, C.J., *Ronan, Wilkins, Spalding, & Williams*, JJ., and afterwards was submitted on briefs to all the Justices except *Counihan*, J.

*T. H. Mahony, E. F. Mahony & S. L. Jacobs*, for the plaintiff, submitted a brief.

*P. J. Dolan*, for the defendant.

RONAN, J. This is an action of tort to recover for personal injuries alleged to have been received while the plaintiff was alighting from a street car on September 4, 1945, at the defendant's Lechmere station. The jury returned a verdict for the defendant. The plaintiff's exception is to the admission of a letter dated September 8, 1945, which she wrote and sent to the defendant's predecessor.

The issue at the trial was whether the car started as the plaintiff was alighting, as she testified, or whether after she alighted she was thrown down on the platform by some men hurrying to catch a bus. The plaintiff's letter stated in part that "I am filing a claim for personal injuries I received when I was pushed off a street car at Lechmere Sq. Sept. fourth at five forty-five P.M." Her counsel purporting to act under G. L. (Ter. Ed.) c. 233, § 23A, inserted by St. 1945, c. 424, § 1, on April 8, 1948, made a written request on the defendant for copies of all statements signed by the plaintiff or anyone in her behalf concerning the accident. There was no response to this request. At the trial the letter was introduced in evidence over the exception of the plaintiff.

The statute so far as material provides, "In any action to recover damages for personal injuries . . . no statement in writing signed by any party to the action, concerning the facts out of which the cause of action arose, given by such party . . . to any other party to the action . . . shall be admissible in evidence in, or referred to at, the trial of such action or in any proceeding connected therewith unless a copy of such statement is furnished to the party making the same or to his attorney within ten days after written request therefor . . . ."

The defendant contends that the object of the statute as manifested by its legislative history, its title, and its language was to make inadmissible, unless a copy was furnished on request, only such signed statements as were procured by investigators for the purpose of being used in defence of the claim or action and were secured during or as a result of a personal interview between the injured party and the investigator. The statute, it contends, does not apply to a letter unsolicited by it, although signed by the injured party, and stating facts concerning the accident for which a claim for damages was made.

This legislation in its original form, House No. 1115, in accordance with its title which stated that it related to the furnishing of copies of written statements taken by investigators from persons interviewed in connection with actions

or claims for damages, merely provided that investigators of insurance, adjustment or investigating companies employed to interview persons, upon receiving a written statement concerning an action or claim for damages, should furnish such person with an exact copy thereof. A penalty was provided for the failure to furnish a copy. This bill was superseded by House No. 1772 which was captioned "An Act relative to the admissibility in evidence of written statements obtained from persons who have sustained personal injuries in accidents." This title has since remained. This new bill, however, made no reference to investigators or to interviews by them with injured persons. It mentioned no penalty. It provided that a written statement obtained from an injured person by or on behalf of the person from whom damages were claimed should not be admissible in evidence unless a copy was furnished to the injured party or his attorney, within ten days after a written request therefor. This bill was superseded by Senate No. 559, which read in part as follows: "no statement in writing signed by any party to the action, concerning the facts out of which the cause of action arose *or the damages were claimed,* given by such party." Afterwards the words italicized were deleted and the bill was enacted into law. Senate No. 559 not only changed considerably the form of House No. 1772 but it spoke no longer of a statement obtained from the injured person but of a statement given by such person.

From this brief summary, it is apparent that the statute cannot be confined to written statements received as the result of a personal interview. The recipient of the written statement may now be the party himself against whom damages are claimed or his agent or attorney, or his insurer or its agent or attorney. The statement may be given by the injured party or someone in his behalf to any one of them. We think that a written statement given by an injured person of his own accord is just as much within the statute as if it were given at the request of the defendant or his insurer or persons representing them. The statute makes no

distinction between one given voluntarily and one given in accordance with a request. That no such distinction was intended is indicated in the final draft of the legislation where a "statement in writing . . . given" was substituted for a "written statement obtained." The statute, as thus changed, did not designate any method for giving the statement. It may be by manual delivery, by mail, by messenger, or in some other manner. The striking out of the words "or the damages were claimed" as they first appeared in a part of a sentence contained in Senate No. 559, said sentence reading as follows, ". . . no statement in writing signed by any party to the action, concerning the facts out of which the cause of action arose or the damages were claimed . . . ," might be due to the fact that these words were considered superfluous, but, whatever the reason, after these words were deleted and the bill was enacted into law it applied to a written statement concerning the facts out of which the plaintiff's cause of action arose. A written statement concerning those facts was not brought beyond the scope of the statute merely because it also made — as did the plaintiff's letter — a claim for damages.

It is true that the title to St. 1945, c. 424, speaks of written statements obtained from injured persons. As already pointed out, this title first appeared when the bill dealt with statements *obtained* from such persons and the title was retained unchanged in the subsequent bill although no such phraseology appeared in the subsequent bill which became the law and referred only to written statements *given* by the injured person. During the course of the legislation the attention of the legislators shifted from the receipt of statements to the giving of statements. A title should change to correspond to a change in the body of a bill. In any event, if there is any distinction between a statement obtained as appearing in the title and a statement given as appearing in the body of the act, then the latter governs. The meaning and scope of a statute cannot be controlled or limited to a field more narrow or restricted than the bounds

established by the act itself. *Lorain Steel Co.* v. *Norfolk & Bristol Street Railway,* 187 Mass. 500. *Commonwealth* v. *Flax,* 259 Mass. 117, 122–123. *Commonwealth* v. *Tilley,* 306 Mass. 412, 417. *Burnham* v. *Mayor & Aldermen of Beverly,* 309 Mass. 388, 394. *Flynn* v. *Board of Registration in Optometry,* 320 Mass. 29, 31–32.

The written statement signed by a plaintiff may be in the form of a letter, a filled in accident blank furnished by an insurer of the party who caused the injury, or in any other form, *Merrill* v. *Paige,* 229 Mass. 511, *Goff* v. *Hickson,* 322 Mass. 655; and, if it states the facts connected with the cause of action, it is a written statement within the terms of the statute.

One of the purposes of the statute is to enable a party before trial to ascertain what he has written to an adversary. The statute "must be interpreted as enacted. . . . The court can only interpret according to the common and approved usages of the language the words used, without enlargement or restriction and without regard to its own conceptions of expediency." *Commonwealth* v. *S. S. Kresge Co.* 267 Mass. 145, 148. *Gallagher* v. *Wheeler,* 292 Mass. 547, 556. *Commonwealth* v. *Gardner,* 300 Mass. 372, 375. *Brennan* v. *Election Commissioners of Boston,* 310 Mass. 784, 789. *Tilton* v. *Haverhill,* 311 Mass. 572, 577. There was error in the admission of the letter.

The letter furnished strong support to the defendant's claim that the plaintiff's injuries were due to being thrown down by some passengers hurrying for a bus and not by the motion of the car from which she was alighting. In these circumstances, the admission of the letter was prejudicial error.

*Exceptions sustained.*