EMANUEL PSOMOS & another *vs.* JOHN J. TITUS & another. January 9, 1980.   In December, 1968, the plaintiffs commenced this action for equitable relief in a Probate Court to settle a boundary dispute and various other claims relating to the parties' respective real estate. A year later the case was referred to a master, who did not file his report until March, 1973, apparently due to his prolonged illness. (It has not been made to appear that the order of reference directed the master to report the evidence. See *Peters* v. *Wallach*, 366 Mass. 622, 626 [1975].) The master's findings were generally in favor of the plaintiffs. The defendants mistakenly filed objections under Rule 90 of the Superior Court (1954) (see now Rule 49, § 7, of the Superior Court [1974]). We must, however, treat the objections as being filed under Rule 24 of the Probate Courts (1959). For all that appears, there was no activity in this matter until January, 1978, when the plaintiffs moved for adoption of the master's report and the defendants filed motions to dismiss and for recommittal because of "new evidence." A probate judge denied the defendants' motions, impliedly adopted the report, and entered judgment adverse to the defendants, from which they now appeal.

We are mindful of the many obstacles which confront the defendants on their appeal, e.g., lost transcript, deceased master, lost exhibits and at least one deceased former counsel; however, after a thorough review of this record, we think that there has been no showing here of any entitlement to the relief sought. See *Michelson* v. *Aronson*, 4 Mass. App. Ct. 182, 190 (1976). We are thus disinclined to disturb the judgment.

Many of the defendants' objections alleged errors of law not apparent on the face of the report (compare *Minot* v. *Minot*, 319 Mass. 253, 258 [1946]), but there is no indication that they ever requested any summaries of evidence from the master pursuant to Rule 24 (e.g.,"upon written request"), and they never moved for recommittal for the purpose of obtaining such summaries. Cf. *Artco, Inc.* v. *DiFruscia*, 5 Mass. App. Ct. 513, 515-516 & n.3 (1977). See also *H. Piken & Co.* v. *Planet Constr. Corp.*, 3 Mass. App. Ct. 246, 248-249 (1975); *Bills* v. *Nunno*, 4 Mass. App. Ct. 279, 282 (1976). Moreover, it does not appear that the evidence was

taken by a stenographer selected or approved by the master, as required by Rule 24. Cf. *New England Factors, Inc.* v. *Genstil*, 322 Mass. 36, 44 (1947). (It does appear, however, that the defendants were aware in February, 1973, that a stenographer had been appointed by the court pursuant to G. L. c. 215, § 18.)

Finally, the defendants assert that they were prejudiced by the long delay between the filing of the master's report (1973) and action thereon by the Probate Court (1978) because of the loss in the interim of the stenographic record of the proceedings before the master. A short response to that assertion is that even if the defendants had ordered a transcript at the appropriate time (instead of not at all), it would not have made any difference because of their noncompliance with Rule 24.

*Judgment affirmed.*

*Robert S. Wolfe* for the defendants.
*Katherine Liacos Izzo* for the plaintiffs.