CATHERINE L. COLE *vs.* FRANK ANCIPORCH.* No. 87-492. March 4, 1988. *Probate Court*, Jurisdiction. *Jurisdiction*, Probate Court, Equitable. *Practice, Civil*, Pretrial order.

As a result of a dispute over a boundary line, the plaintiff brought an action in the Probate and Family Court. The complaint sought to remove a

* This decision originally appeared as an order under rule 1:28. See *post* 1115 (1988).

cloud on the plaintiff's title, created by an affidavit filed by the defendant in the Hampshire County registry of deeds, that challenged the plaintiff's ownership of certain land located on Horse Mountain in Hatfield. The disputed land adjoins the home of the plaintiff and a woodlot owned by the defendant.

The complaint sought equitable relief on several theories. In addition, it asked the court to declare that the plaintiff was the sole owner of the disputed land. The defendant, in his answer, asserted, among other things, the Statute of Frauds. He also counterclaimed against the plaintiff for allegedly cutting down his timber on the land in question.

The matter was tried before a Probate Court judge. After the trial, the judge filed a memorandum of decision that contained his findings of fact and conclusions of law. He ordered judgment to enter in favor of the plaintiff, declaring the boundary between the plaintiff's and defendant's land to be from the junction of two stone walls to a large boulder. He also denied the defendant's counterclaim. The defendant has appealed from that judgment.

1. *The jurisdiction of the court over the plaintiff's claim.* The defendant claims that the Probate Court did not have subject matter jurisdiction over this dispute. He cites *Tetrault* v. *Bruscoe*, 398 Mass. 454 (1986), as support for his contention. That case was decided after this action had been tried, but before the judge filed his decision.

In *Tetrault*, registered land owners sought to enjoin the alleged trespass and entry of neighbors on a roadway which the neighbors contended was an easement by prescription, not listed on the certificate of title. The question reported by a single justice of the Supreme Judicial Court was " 'whether jurisdiction over registered land can be exercised by the Probate Court or whether it is exclusively within the jurisdiction of the Land Court.' " 398 Mass. at 457. The *Tetrault* decision held that "the Probate Courts now may hear cases under [G. L. c. 185,] § 1 (k), that previously could only be heard in the Land Court, the Supreme Judicial Court, and the Superior Court." *Id.* at 458. That provision, as in effect at all times relevant to the instant case, confers jurisdiction over "[a]ll cases and matters cognizable under the general principles of equity jurisprudence where any right, title or interest in land is involved, except actions for specific performance of contracts."

The court in *Tetrault* also held that the Probate Court is precluded "from modifying the substance of a Land Court registration decree." *Id.* at 459. However, in the instant case neither the plaintiff nor the defendant has registered land, and, therefore, the *Tetrault* decision furnishes no support for the defendant's argument. Because this case deals with a matter "cognizable under the general principles of equity jurisprudence" (see G. L. c. 215, § 6), the Probate Court had jurisdiction and properly declared the boundaries of the land in question. See *Psomos* v. *Titus*, 9 Mass. App. Ct. 820 (1980); *Davenport* v. *Broadhurst*, 10 Mass. App. Ct. 182 (1980).

2. *The imposition of sanctions on the defendant.* The defendant claims that the judge improperly imposed sanctions against him by refusing his request to introduce certain documents in evidence.

The issue arose in the following manner. After the plaintiff rested, the defendant called three witnesses. Defense counsel on direct examination sought to question one witness regarding an 1847 plan and an ancient deed in the back title. The defendant then attempted to introduce certain deeds in evidence. The judge ruled that the deeds were not on the lists of exhibits, refused to allow their introduction, and treated their exclusion as a sanction for noncompliance with his pretrial order.

Prior to trial, the judge had issued an order requiring the parties to exchange "all exhibits which may be offered at trial." The order also stated that "the joint response shall contain the final list of witnesses and exhibits and . . . no other exhibits or witnesses will be allowed at trial except for good cause shown." The defendant never produced the documents that he attempted to introduce in evidence at trial. There is no question that defense counsel had the documents in his possession prior to trial.

The judge had the authority to make the pretrial order. Mass.R.Civ.P. 16, 365 Mass. 762 (1974). Under Mass.R.Civ.P. 37(b), as appearing in 390 Mass. 1208 (1984), a judge has the right to impose sanctions for noncompliance with a pretrial order. *Maywood Builders Supply Co.* v. *Kaplan*, 22 Mass. App. Ct. 944, 945 (1986). The judge did not act precipitously. He listened to the defendant, and his action in excluding the documents was well within his discretion.

3. *Other issues raised by the defendant.* The defendant claims that the judge committed error because he did not find or consider certain "facts." He also contends that the judge should not have applied the doctrine of practical location.

We have examined these issues in light of the record and the judge's splendid memorandum of decision and find the defendant's claims to be without merit.

*Judgment affirmed.*

*William W. Gonski, Jr.*, for the defendant.
*Bart J. Gordon* for the plaintiff.