THERESA MAZZOLENI *vs.* KEITH COTTON.

No. 90-P-1558.

Essex. February 12, 1992. - August 5, 1992.

Present: BROWN, KASS, & LAURENCE, JJ.

*Evidence*, Statement in writing by party. *Statute*, Construction. *Words*, "Shall."

In an action to recover damages for personal injuries suffered by the plaintiff in a fall on or near the defendant's property, the judge did not abuse his discretion under G. L. c. 233, § 23A, in denying the plaintiff's motion in limine to exclude her written statement to a representative of the defendant's insurer regarding the events surrounding her accident where, although the insurer had failed to furnish the written statement within ten days after written request by the plaintiff as prescribed in § 23A, the plaintiff received a copy of the statement almost twenty months before the start of the trial, submitted her motion just as trial was about to begin rather than at earlier pretrial conferences, and failed to establish any prejudice resulting from the insurer's failure to have complied with the ten-day delivery requirement of § 23A. [150-153]

CIVIL ACTION commenced in the Superior Court Department on September 7, 1988.

The case was tried before *J. Harold Flannery*, J.

*Michele J. Leavitt* (*Donald R. Bumiller* with him) for the plaintiff.

*John R. Bologna* for the defendant.

LAURENCE, J. In February, 1987, the plaintiff, Theresa Mazzoleni, slipped and fell on ice on or near the driveway of the defendant, Keith Cotton, and fractured her ankle. Mazzoleni had been housesitting for Cotton, a friend, while he was on his honeymoon. A representative of Cotton's insurer obtained a written statement from Mazzoleni regarding the events surrounding her accident in April, 1987.

Sometime thereafter Mazzoleni retained an attorney, who engaged the insurer in settlement negotiations. During those negotiations, on June 16, 1988, her attorney wrote the insurer "formally requesting" a copy of Mazzoleni's statement. Having received no response to that request, her attorney, on June 30, 1988, again requested a copy of her statement, noting that "the time specified for its production has now expired." Again, the insurer failed to respond. Neither letter expressly referred to G. L. c. 233, § 23A.[1]

After the breakdown of settlement discussions, Mazzoleni filed a negligence action in Superior Court in September, 1988. In response to her October, 1988, document request, Cotton's attorney produced a copy of the April, 1987, statement, in November, 1988. On June 12, 1990, just after a jury had been selected and on the eve of trial, Mazzoleni filed a motion in limine to prevent Cotton from referring to her written statement during the trial, citing G. L. c. 233, § 23A.

The judge heard argument on Mazzoleni's motion prior to opening statements. Cotton's counsel stressed the fact that Mazzoleni had had a copy of her statement for over a year and a half. She could claim no prejudice or unfair surprise, he argued, warranting an exclusion order should it be referred to at trial, particularly since she had acknowledged her possession of the statement at her earlier deposition. Counsel asked the judge to exercise his discretion to treat the

---

[1]This statute, as amended through St. 1964, c. 537, provides: "In any action to recover damages for personal injuries or consequential damages, so called, resulting therefrom, no statement in writing signed by any party to the action or statement taken on a recording instrument, concerning the facts out of which the cause of action arose, given by such party, or a person in his behalf, to any other party to the action, or to his agent or attorney, or to the insurer of such other party, or to the agent or attorney of such insurer, shall be admissible in evidence in, or referred to at, the trial of such action or in any proceeding connected therewith unless a copy of such statement or verbatim written transcription of such recorded statement is furnished to the party making the same or to his attorney within ten days after written request therefor made by such party or attorney to the adverse party or his attorney, or within such further time as the court may allow on motion and notice."

November, 1988, production of the statement as sufficient compliance with the statute. Mazzoleni's counsel protested that the one case decided under the statute, *Spellman* v. *Metropolitan Transit Authy.*, 328 Mass. 446 (1952), mandated production "as soon as possible after the request" on penalty of exclusion. He contended that, while the statute did not require a showing of prejudice from a belated delivery of a requested statement, the plaintiff had in any event been prejudiced because her answers to interrogatories had been served before she received the statement.[2] The judge, after considering the presentations of both parties, denied the motion in limine, stating:

> "I agree that the objective of the statute ought to be implemented rigorously. The purpose, the spirit of the statute . . . is to disallow ambushes of injured persons by their adversaries, because statements are sometimes obtained before the injured person is represented . . . [a]nd it's not fair to permit a defendant at the trial to spring on the plaintiff such a statement. The statute as a shield ought to be . . . vigorously enforced. In this instance [however] the plaintiff seeks to use the statute as a sword, because [she has] had the statement for almost two years. So the risk of unfair surprise at trial is negligible."

The trial immediately ensued. After two days of testimony, the jury found the defendant 44% negligent and the plaintiff 56% negligent. From the consequent judgment entered for the defendant, Mazzoleni appealed. Her appeal focuses entirely on the trial judge's denial of her motion in limine to exclude her written statement and relies on the literal, assertedly mandatory language of G. L. c. 233, § 23A. We view

---

[2]The record before this court does not contain Cotton's interrogatories or Mazzoleni's interrogatory answers. Mazzoleni's counsel did not explain, either below or here, how or why her receipt of her statement subsequent to her responding to Cotton's interrogatories gave rise to any, let alone substantial, prejudice. See G. L. c. 231, §§ 119, 132; Mass.R.Civ.P. 61, 365 Mass. 829 (1974).

that language, however, as supportive of the judge's ruling and affirm the judgment.

The judge's rationale and action faithfully reflected the policy of G. L. c. 233, § 23A, as explained in the *Spellman* case: "to enable a party before trial to ascertain what he has written to an adversary." 328 Mass. at 450.[3] Mazzoleni contends that the language of the statute, particularly the use of the word "shall," makes impermissible, and reversible error, a trial judge's exercise of discretion to prevent a plaintiff from using § 23A as a sword. Even without invoking the principle that "shall" does not always and inflexibly denote imperative obligation but may properly be construed as permissive or directory in order to avoid an absurd result or to effectuate a statutory purpose, see *Warman v. Warman*, 21 Mass. App. Ct. 80, 82-83 (1985), we reject Mazzoleni's position as incompatible with the discretion conferred on the court by the express terms of § 23A.

The last clause of the statute plainly authorizes the trial court to permit the furnishing of a copy of the statement beyond the ten-day period following a written request. The original form of the statute had not provided for any exception to the ten-day delivery requirement. The last clause was added to § 23A by St. 1953, c. 242, precisely to allow such discretion in order "to provide for special circumstances instead of having an absolute deadline regardless of facts." See Twenty-Eighth Report of the Judicial Council (1952), Pub. Doc. No. 144, reprinted in 37 Mass.L.Q., December, 1952, at 71. The trial judge's possession of this discretion is but-

---

[3]The facts and holding of the *Spellman* case provide no assistance to Mazzoleni. The defendant there had concededly refused to respond to a written request from the plaintiff's counsel pursuant to G. L. c. 233, § 23A, for "copies of all statements signed by the plaintiff . . . concerning the accident," on the ground that the statute applied only to signed statements procured by an investigator for use in defense of a claim, not to unsolicited letters sent by the injured party to the defendant (as had occurred in that case). Reviewing the legislative history, the court held that the statute covers any writing signed by the injured party if it related to facts connected to her claim and, therefore, should have been applied to exclude her letter when the defendant sought to introduce it as inconsistent with her factual contentions at trial. 328 Mass. at 447-450.

tressed by and consistent with his substantial latitude in other areas of pretrial and trial management, including the scope and timing of discovery, see *Matter of Roche*, 381 Mass. 624, 638 (1980); *Cronin* v. *Strayer*, 392 Mass. 525, 534 (1984); *Wansong* v. *Wansong*, 395 Mass. 154, 156-157 (1985),[4] the granting or denying of motions in limine, see *Commonwealth* v. *Hood*, 389 Mass. 581, 594 (1983), and the admission or exclusion of evidence generally, see *Commonwealth* v. *Haley*, 363 Mass. 513, 518-519 (1973).

Mazzoleni has failed to demonstrate that the judge in any way abused his discretion in denying her motion in limine. On the contrary, in the circumstances — her receipt of a copy of the statement almost twenty months before the start of trial, her submission of the motion just as trial was about to begin rather than at earlier pretrial conferences, and her failure to establish any prejudice[5] resulting from the insurer's

---

[4]General Laws c. 233, § 23A, has accurately been portrayed, in both purpose and function, as an early form of pretrial discovery. See *Spellman* v. *Metropolitan Transit Authy.*, 328 Mass. at 450; 1964 Ann. Surv. Mass. L. § 22.3, at 286-287. The provisions of Mass.R.Civ.P. 37(b)(2)(B), as amended, 390 Mass. 1209 (1984), authorizing the court in its discretion to sanction inappropriate failure to make discovery by a preclusion order prohibiting the introduction of designated matters in evidence, are the modern generic analogue to § 23A. See *Corsetti* v. *Stone Co.*, 396 Mass. 1, 26 (1985); *Cole* v. *Anciporch*, 25 Mass. App. Ct. 975, 977 (1988).

[5]See note 2, *supra*. Mazzoleni contends that she was severely prejudiced by the ruling because Cotton subsequently argued that her pretrial statement was inconsistent with her deposition and trial testimony. (The statement indicated that Mazzoleni fell on the walkway leading to the driveway, while her deposition and trial testimony stated that she fell on the driveway; the alleged prejudice arose from her testimony that she herself had shovelled the walkway area earlier, so that Cotton was able to contend that her injuries were the result of her own lack of due care.) That contention (in the form of a claim of potential prejudice) was not, however, presented to the judge during the motion in limine and cannot be raised for the first time here. *Royal Indem. Co.* v. *Blakely*, 372 Mass. 86, 88 (1977). Moreover, Mazzoleni failed to object to any of the uses of or references to her statement by Cotton during trial. She consequently lost the right to have them reviewed on appeal. That right was not preserved by her "exception" to the denial of her motion in limine when the grounds presented to us are not the same as those put before the trial judge. See *Commonwealth* v. *Gabbidon*, 398 Mass. 1, 7 (1986); *Commonwealth* v. *Boyer*, 400 Mass. 52, 57 (1987); *Commonwealth* v. *Shea*, 401 Mass. 731, 740-741 (1988); *Torre* v. *Harris-Seybold Co.*, 9 Mass. App. Ct. 660, 666

failure to have complied with § 23A in June, 1988 — the judge's action reflected a proper exercise of discretion.[6]

Nothing in our opinion should be taken to condone the failure by Cotton's insurer to have responded directly to the June, 1988, requests by Mazzoleni's counsel for copies of her statement or to have proffered any reasonable explanation for its lack of response. Our decision today creates no safe harbor for casual, sloppy, or arrogant insurers presented with such a request. The trial judge's discretion under G. L. c. 233, § 23A, might well have been upheld here had the judge allowed the motion in limine. See *Commonwealth* v. *Bys*, 370 Mass. 350, 361 (1976), quoting from *Davis* v. *Boston Elev. Ry.*, 235 Mass. 482, 502 (1920) ("[I]t is obvious that a [party] who claims an abuse of . . . discretion assumes a heavy burden. That burden is not met by merely arguing that on a debatable question of admissibility the judge ruled against [him] while another judge could and might have ruled in his favor. On appellate review of a claim of an abuse of discretion by a trial judge, '[t]he question is not whether we . . . should have made an opposite decision from that

---

n.3 (1980). Contrast *Dolan* v. *Commonwealth*, 25 Mass. App. Ct. 564, 566 n.2 (1988).

[6]Mazzoleni's alternative argument, that there was no proper exercise of judicial discretion under § 23A because Cotton failed to invoke it by explicitly requesting "on motion and notice" further time to produce her statement, is belied by the record of the hearing on her motion in limine. Cotton's counsel expressly requested the court to entertain an oral motion to allow the belated production, and Mazzoleni's counsel did not object to either the form of the motion or the effective lack of notice. The judge had ample authority to deal with Cotton's motion in the fashion he did under § 23A, as well as under Mass.R.Civ.P. 6(b), 365 Mass. 747-748 (1974), and Rule 9 of the Superior Court (1989). He could reasonably have determined that both good cause and excusable neglect existed in the circumstances to justify the delayed delivery of Mazzoleni's statement. His presumptive reliance on the lack of prejudice to Mazzoleni and the colorable argument, advanced by Cotton's counsel, to the effect that the language of § 23A indicates it was intended to apply only after commencement of a lawsuit (a position which we do not pass upon but which is consistent with *Spellman* v. *Metropolitan Transit Authy.*, *supra*), support the judge's exercise of discretion. See *Goldstein* v. *Barron*, 382 Mass. 181, 185-187 & n.12 (1980); *Doeblin* v. *Tinkham Dev. Corp.*, 7 Mass. App. Ct. 720, 722 (1979).

made by the trial judge. To sustain . . . [the claim] it is necessary to decide that no conscientious judge, acting intelligently, could honestly have taken the view expressed by him.' ").

*Judgment affirmed.*