**Robert W. MILNER, Jr., Plaintiff,**

v.

**NATIONAL AIRLINES, Inc., et al.,**
**Defendants.**

**Bert F. WINSTON, Plaintiff,**

v.

**NATIONAL AIRLINES, Inc., Defendant.**

**Civ. A. Nos. 11689, 12274.**

United States District Court
S. D. Texas,
Houston Division.

Nov. 24, 1958.

Bracewell, Reynolds & Patterson (Joe H. Reynolds), Houston, Tex., for plaintiffs Robert W. Milner, Jr., and Bert F. Winston.

Baker, Botts, Andrews & Shepherd (Denman Moody), Houston, Tex., for defendant National Airlines, Inc.

INGRAHAM, District Judge.

The plaintiff Bert F. Winston filed his motion for production of documents pursuant to Rule 34 of the Federal Rules of Civil Procedure, 28 U.S.C.A. Similar motions urged by Milner have been denied. Winston's motion will likewise be denied.

The defendants in each case have filed a motion to consolidate the two causes for trial under the provisions of Rule 42 (a) of the Federal Rules of Civil Procedure, alleging that both causes involve common questions of law and fact, in that each of said causes allegedly grew out of certain incidents occurring aboard defendant's flight No. 363 between New Orleans, Louisiana, and Houston, Texas, on defendant's air line on the 19th day of November, 1957. The plaintiffs oppose the motion to consolidate.

From reading the complaint filed by Milner it appears that the facts complained of by him are alleged to have occurred on the flight in question and on the date in question. Milner alleges that Winston was his traveling companion. He complains of acts committed aboard the aircraft of National Airlines, Inc. by National employees Delk and Donner. The space aboard such aircraft is confined to a limited area and the time involved in flight from New Orleans, Louisiana, to Houston, Texas, is limited.

From reading the complaint filed by Winston it appears that the facts complained of by him are alleged to have occurred on the flight in question and on the date in question. Winston alleges that Milner was his traveling companion. He complains of acts committed aboard the aircraft of National Airlines, Inc. by National employees Delk and Donner. The space aboard such aircraft is confined to a limited area and the time involved in flight from New Orleans, Louisiana to Houston, Texas, is limited.

It is my opinion that this is. the sort of situation contemplated by Rule 42(a). The acts alleged by plaintiff in each case are confined to the same limited area and the same limited time and in the presence of the same limited number of witnesses, including Milner, Winston, Delk and Donner. The court should not be required to conduct two trials in order to ascertain what happened within that limited space and time.

The motion of defendants to consolidate the two causes for trial will be granted.

The clerk will notify counsel to draft and submit orders accordingly. The order consolidating the causes will contain an order transferring the consolidated causes to the docket of Judge Connally.