**Dominick VACCARO, Plaintiff,**

v.

**MOORE–McCORMACK LINES, INC. and Universal Terminal & Stevedoring Corp., Defendants and Third-Party Plaintiff,**

v.

**COURT CARPENTRY AND MARINE CONTRACTORS CO., INC., Third-Party Defendant.**

**Philip De MARCO, Plaintiff,**

v.

**MOORE–McCORMACK LINES, INC., and Universal Terminal & Stevedoring Corp., Defendants and Third-Party Plaintiff,**

v.

**COURT CARPENTRY AND MARINE CONTRACTORS CO., INC., Third-Party Defendant.**

**Vincent MONTELEONE, Plaintiff,**

v.

**MOORE–McCORMACK LINES, INC. and Court Carpentry and Marine Contractors Co., Inc., Defendants and Third-Party Plaintiff,**

v.

**UNIVERSAL TERMINAL & STEVEDORING CORP., Third-Party Defendant.**

**Nos. 71 Civ. 1049, 71 Civ. 1191 and 71 Civ. 2828.**

United States District Court, S. D. New York.

Oct. 2, 1974.

Paul A. Gritz, Brooklyn, N. Y., for plaintiff.

Hyde, Dickerson & Reilly, New York City, for defendant Moore-McCormack Lines, Inc.

Chicanowicz & Callan, New York City, for Court Carpentry and Marine Contractors Co., Inc.

McKay, King & Castricone, Flushing, N. Y., only in 71 Civ. 2828 for Court Carpentry and Marine Contractors Co., Inc.

Brown, Quencer & Commette, New York City, for Universal Terminal & Stevedoring Corp.

EDELSTEIN, Chief Judge:

Defendant Moore-McCormack Lines, Inc. has moved pursuant to Rule 42(a) of the Federal Rules of Civil Procedure and pursuant to Rule 9 of this court's General Rules for an order to consolidate the above captioned actions.

Plaintiffs in each of the above captioned actions were injured in the number two lower hold of the SS MORMACLYNX, a vessel owned by the movant. In pre-trial deposition it was stated that Philip De Marco was injured when a piece of lumber hit him on the head; that Dominick Vaccaro was injured when he went to the aid of De Marco; and that Vincent Monteleone was injured when he went to the aid of a marine carpenter (De Marco or Vaccaro) who had been injured. The ship's deck log book and the deposition testimony of De Marco and Vaccaro date the incident June 27, 1968; Monteleone testified on deposition to a June 28, 1968 date. However, the motion papers do not put this difference at issue.

Each complaint alleges, *inter alia*, that the accidents were caused by the negligence of Moore-McCormack Lines, Inc. and the unseaworthiness of the SS MORMACLYNX. Monteleone also alleges

negligence on the part of Court Carpentry and Marine Contractors Co. By means of original suit, cross-claim and/or impleader, movant, Universal Terminal & Stevedoring Corp., and Court Carpentry and Marine Contractors Co. have each become a defendant or third-party defendant in each case. In each case movant seeks recovery against the other two corporate defendants upon allegations of breach of their respective warranties of workmanlike service.

Although consolidation is opposed by plaintiffs and Court Carpentry and Marine Contractors Co., consolidation is herein granted.

▉▉▉ Rule 42(a) allows consolidation at the court's discretion where a common question of law or fact is shared by several actions. Consent of the parties is not required; rather it is the court's decision whether the common questions of law and fact indicate that sufficient judicial economy would be achieved by consolidation when balanced against any inconvenience, delay, or expense caused the parties by attending trial of some issues not shared by all. Stein, Hall & Co. v. Scindia Steam Navigation Co., 264 F.Supp. 499 (S.D.N.Y. 1967). But the fact that there is joined a multiplicity of parties, claims, issues, and third-party procedure and questions of indemnity or contribution is not of itself reason to preclude consolidation. Stemler v. Burke, 344 F.2d 393 (6th Cir. 1965). The incident alleged by the plaintiffs occurred within a limited space and time frame; it is precisely one sort of situation contemplated by Rule 42(a). The court should not be required to conduct three trials in order to ascertain what happened within that limited space and time. Milner v. National Airlines, Inc., 23 F.R.D. 7 (S.D.Tex.1958).

Defendant's motion for consolidation of these actions before this court is granted.

So ordered.