Ronald L. MONZO, Plaintiff,

v.

AMERICAN AIRLINES, INC., Defendant.

Ronald MONZO, Plaintiff,

v.

The PORT OF NEW YORK AUTHORITY, Defendant.

Nos. 81 Civ. 2320 (KTD), 81 Civ. 5687 (KTD).

United States District Court, S. D. New York.

July 2, 1982.

---

**673**

Katz & Deutsch, Liberty, N. Y., for plaintiff; Steven S. Katz, Liberty, N. Y., of counsel.

Wilson, Elser, Edelman & Dicker, Port Of New York Authority, New York City, for defendant; Stephen A. Postelnek, New York City, of counsel.

### MEMORANDUM AND ORDER

KEVIN THOMAS DUFFY, District Judge:

Plaintiff Ronald L. Monzo alleges that on or about September 5, 1981 he called defendant American Airlines, Inc. ("American") to ascertain the procedures to follow for proper carriage of a pistol aboard his American flight from La Guardia Airport to Buffalo, New York. Apparently both over the telephone and later at the airport, American employees informed Monzo that his pistol could be legally transmitted aboard the flight after he complied with certain American formalities. Monzo was arrested at La Guardia airport by officers of the defendant Port Authority of New York ("Port Authority") for criminal possession of a gun. Allegedly Mr. Monzo was incarcerated for 30 hours under inhumane conditions prior to his release. Subsequently, the criminal charge was dismissed.

On or about April 8, 1981, plaintiff instituted suit against American Airlines in this district for the knowing dissemination of false information and reckless and malicious conduct which resulted in severe psychological distress, marital problems, a failing business, diminished business reputation and loss of his ability to enjoy life. On or about September 3, 1981 the plaintiff filed suit, again in this district, against the Port Authority alleging different legal theories but the same resultant problems. I accepted the latter case as related to the former lawsuit. Plaintiff now moves to consolidate the two cases pursuant to Fed.R.Civ.P. 42(a).

When two cases present "a common question of law or fact," discretion rests with the district court to consolidate the actions. Fed.R.Civ.P. 42(a); *Vaccaro v. Moore-McCormack Lines, Inc.*, 64 F.R.D. 395, 396 (S.D.N.Y.1974). Defendant Port Authority argues that the absence of common questions of law or fact merit denial of the instant motion. The facts, however, support a different conclusion. Both cases, as mentioned above, arise out of the same incident occurring at La Guardia Airport. Common questions of fact relative to the day in question pervade both cases and warrant consolidation. *See O'Brien v. Grumman Corp.*, 475 F.Supp. 284, 296 (S.D.N.Y. 1979). The fact that the cases are at different discovery stages is not fatal to the consolidation motion. 5 J. Moore, J. Lucas & J. Wicker, Moore's Federal Practice ¶ 42.02[3] (2d ed. 1982). Neither case is scheduled for an immediate trial. Consolidation will save considerable judicial time and expense without creating a potentially confusing jury issue.

Accordingly, the plaintiff's motion to consolidate is granted.

SO ORDERED.