YORK FORD, INC. *vs.* BUILDING INSPECTOR AND ZONING ADMINISTRA-
TOR OF SAUGUS & others[1] (and two companion cases). No. 94-P-136.
March 23, 1995. *Zoning*, Enforcement, Parking, Jurisdiction, Appeal. *Ju-
risdiction*, Zoning. *Practice, Civil*, Zoning appeal. *Judgment*, Preclusive
effect.

The question before us is whether York Ford, Inc. (York), is barred by
principles of issue preclusion from challenging the validity of a zoning en-
forcement order of the building inspector.[2] The order demanded that York
cease parking "business related" cars on a residentially zoned lot in viola-
tion of the town's "use regulations." Four months prior to the issuance of
the order, the board of zoning and building appeals (board) had denied
York's application for a special permit to extend what York claimed was a
preexisting nonconforming use. One of the two grounds on which the board
had based its decision was that York's present use was illegal, that is, it
was not a valid preexisting nonconforming use.

York had been parking cars on Lot A-112, a residentially zoned lot for
over thirty years (including the period of use by York's predecessor in
title). In its application for a special permit, York proposed to extend
parking further into Lot A-112 and to replace an existing auto-body build-
ing with a more modern one. After a hearing on September 2, 1992, the
board, on October 30, 1992, denied the special permit on two grounds: "it
is the finding of the Board [1] that the proposed use is not non-conforming
but illegal and [2] the expansion would be substantially more detrimental
to the neighborhood." York did not take an appeal from the decision of the
board denying the special permit.

On February 23, 1993, the building inspector ordered York to remove
"all business related vehicles from Lot A-112" as "you are currently in
violation of the Town of Saugus Zoning Bylaw." York appealed the build-
ing inspector's order to the board. See G. L. c. 40A, § 8. Although a pub-
lic hearing was initially scheduled, on motion of one of the board's mem-
bers, the matter was struck from the agenda on the ground that York's
appeal "was an identical petition [to the one] presented at the September
2, 1992" board meeting. The decision of the board dated May 10, 1993,
striking the plaintiff's appeal was filed with the town clerk on May 13,
1993.[3]

---

[1]Board of zoning and building appeals of Saugus, and various abutters.

[2]The building inspector was also the zoning administrator of the town.

[3]Prior to that date, on May 4, 1993, the building inspector issued a second order
seeking the removal of all business related vehicles from Lot A-112. Although York
filed an appeal from that order, the board returned the petition and filing fee, say-
ing, "upon advice of Town counsel this petition is, in fact, repetitive and you must
follow the procedures outlined in Chapter 40A section 16." That section, as appear-
ing in St. 1975, c. 808, § 3, provides in relevant part that no "appeal, application or

In June, York filed an appeal from the May 10, 1993, decision of the board (No. 194214) under G. L. c. 40A, § 17, and, on the same date, filed a complaint for a declaratory judgment (No. 194213), seeking, inter alia, a declaration that the appeal to the board was not repetitive of the September, 1992, hearing. Subsequently, York filed a notice with the town clerk, pursuant to G. L. c. 40A, § 15, stating that by reason of the failure of the board to act on York's appeal from the building inspector's February 23, 1993, order, "such appeal is now deemed granted." The board and certain abutters filed an appeal under G. L. c. 40A, § 17, from the notice of the constructive grant (No. 195526).

After consolidating the three cases, sua sponte, the judge dismissed all three on the ground that York, having failed to seek judicial review of the October 30, 1992, decision of the board within the required time, could not now challenge the building inspector's order which was based on the board's determination that York's present parking on lot A-112 was illegal.[4] See *Cappuccio* v. *Zoning Bd. of Appeals of Spencer*, 398 Mass. 304, 311 (1986); *Iodice* v. *Newton*, 397 Mass. 329, 334 (1986). The judge also cited G. L. c. 40A, § 16. This is an appeal by York from the judgment dismissing the actions.

The town officials and the abutters advance somewhat different arguments to sustain the action of the board. We find these arguments unpersuasive and hold that York may challenge the building inspector's order.

The abutters urge that York's failure to appeal timely from the October 30, 1992, denial of a special permit deprived the court of jurisdiction to hear the appeal from the building inspector's order to stop York's present use of the property. The board, however, issued no orders to York to desist from its present use of the property. Thus, while at the time of York's appeal in June, 1993, the court would not have had jurisdiction to hear an appeal from the October, 1992, denial of the special permit, it does not follow that the court had no jurisdiction to hear a challenge to the Febru-

petition which has been unfavorably and finally acted upon by the special permit granting . . . authority shall be acted favorably upon within two years after the date of final unfavorable action unless said special permit . . . authority finds . . . specific and material changes in the conditions upon which the previous unfavorable action was based."

Since we hold that the action of the board striking York's appeal from the board's agenda was incorrect, there is no need to discuss separately its action with respect to the May 4, 1993, order of the building inspector.

[4]The judge correctly held that the declaratory judgment action failed as York could not avoid the time requirements of an appeal by recasting its complaint under G. L. c. 231A, see *Cappuccio* v. *Zoning Bd. of Appeals of Spencer*, 398 Mass. 304, 314 (1986), and that the constructive grant failed because the board found the use illegal, rather than nonconforming. Since the "board would have been unable to grant the relief requested," the judge pointed out that there was no constructive allowance, "[o]therwise the board, through inaction could 'put . . . unlawful zoning relief beyond review.'" *Girard* v. *Board of Appeals of Easton*, 14 Mass. App. Ct. 334, 338 (1982).

ary 23, 1993, order of the building inspector. We hold that the court did not lack jurisdiction to hear that appeal.

The question remains, however, whether York, as urged by the board and the building inspector, is barred on principles of issue preclusion from relitigating the prior determination of the board that York's present parking is illegal. The general rule is that stated in § 27 of the Restatement (Second) of Judgments (1982):

> "When an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties, whether on the same or a different claim."

Where there are alternative determinations[5] by the court of first instance (or administrative tribunal), the authorities are divided.[6] The Restatement analogizes the case to that of a nonessential determination and opts, "in the interest of predictability and simplicity," for a uniform rule of nonpreclusion. Thus the Restatement (Second), § 27 comment i provides:

> "If a judgment of a court of first instance [or of an administrative tribunal] is based on determinations of two issues, either of which standing independently would be sufficient to support the result, the judgment [or administrative adjudication] is not conclusive with respect to either issue standing alone."[7]

While there is authority that when any one of two or more findings of fact have formed the basis for a prior determination each may be given preclusive effect,[8] a view taken by the first Restatement of Judgments § 68

---

[5]As indicated earlier, the board gave two reasons for its denial: the absence of a prior nonconforming use and the determination that the expansion would be substantially more detrimental to the neighborhood.

[6]Justice Scalia, in *Dozier* v. *Ford Motor Co.,* 702 F.2d 1189, 1194 (D.C. Cir. 1983), noting the division, commented that "a real dilemma is presented. A rule declining to accord *res judicata* effect to an alternate ground must of course apply to both grounds, which would mean that a case which is doubly inadequate can be refiled whereas a case inadequate in only one respect cannot. On the other hand, a rule which gives *res judicata* effect to both grounds leaves the losing party who concedes the adequacy of one no appellate remedy for the patent invalidity of the other except a frivolous appeal."

[7]If, however, there is an appeal and the appellate court upholds both determinations, the judgment is conclusive as to both. § 27 comment o.

[8]See, e.g., *Westgate-California Corp.* v. *Smith,* 642 F.2d 1174, 1176-1177 (9th Cir. 1981); *Magnus Electronics, Inc.* v. *La Republica Argentina,* 830 F.2d 1396, 1402 (7th Cir. 1987). See also *Winters* v. *Lavine,* 574 F.2d 46, 67 (2d Cir. 1978), a second circuit case which appears to limit *Halpern* v. *Schwartz,* 426 F.2d 102, 105-106 (2d Cir. 1970), to bankruptcy cases, and the discussion of *Winters* v. *Lavine* in *Hicks* v. *Quaker Oats Co.,* 662 F.2d 1158, 1169 n.7 (5th Cir. 1981), and in *Gelb* v. *Royal Globe Ins. Co.,* 798 F.2d 38, 45 n.6 (2d Cir. 1986), cert. denied, 480 U.S.

comment n (1942), there are sound policy reasons underlying the position of the second Restatement. First, when there are two bases for the decision, an appellant in York's position would have little motivation to appeal from the allegedly erroneous finding as to illegal use since, even if its claim were sustained, a court could easily uphold the denial of the permit on the basis of the board's finding that the expansion was substantially more detrimental to the neighborhood. *Halpern* v. *Schwartz*, 426 F.2d 102, 105-106 (2d Cir. 1970). More important, to require York to take an appeal

> "to protect issues in future collateral suits would not serve one important purpose of the doctrine of collateral estoppel, to minimize litigation and bring it to an end. Such a requirement would, in effect, require cautionary appeals litigating issues on appeal for their possible effect on future indeterminate collateral litigation, which neither party can be sure will occur. The rule at best would preclude some future trial litigation at the expense of currently creating extra appellate litigation." *Id.* at 106; *Hicks* v. *Quaker Oats Co.*, 662 F.2d 1158, 1168-1169 (5th Cir. 1981).

In addition, in this case, had York appealed the October, 1992, order and admitted that it no longer sought the special permit, the reviewing court might well have considered frivolous and dismissed the appeal which asserted error only in the finding that York's present use was illegal. The availability of appellate review of the October, 1992, board decision, a most important factor in the application of the principles of issue preclusion, see Restatement (Second) § 28(1) and comment a, is in this case by no means clear.

The trend appears in favor of adopting the position of the second Restatement. See, e.g., *Halpern* v. *Schwartz*, 426 F.2d at 105-106; *American Tel. & Tel.* v. *FCC*, 602 F.2d 401, 409 n.48 (D.C. Cir. 1979); *Hicks* v. *Quaker Oats Co.*, 662 F.2d at 1173 (holding that the second Restatement rule is "especially appropriate in the case of offensive collateral estoppel, where the problems of assuring a rigorous determination of all grounds of decision are magnified"); *C. B. Marchant Co.* v. *Eastern Foods, Inc.*, 756 F.2d 317, 319 (4th Cir. 1985); *A. J. Taft Coal Co.* v. *Connors*, 829 F.2d 1577, 1581 (11th Cir. 1987) (encouraging appeals on minor issues would frustrate goal of reducing litigation); *Turney* v. *O'Toole*, 898 F.2d 1470, 1472 n.1 (10th Cir. 1990); *Arab African Intl. Bank* v. *Epstein*, 958 F.2d 532, 535, 537 (3d Cir. 1992) (applying New Jersey law); *Baker Elec. Coop.* v. *Chaske*, 28 F.3d 1466, 1476 (8th Cir. 1994) (applying North Dakota law); *Rannels* v. *Hargrove*, 731 F. Supp. 1214, 1218 (E.D.Pa.

948 (1987), and 502 U.S. 1005 (1991). See generally 1B Moore's Federal Practice par. 0.443 (5.-2) (2d ed. 1993); Lucas, The Direct and Collateral Estoppel Effects of Alternative Holdings, 50 U. Chi. L. Rev. 701 (1983).

1990); *Vanover* v. *Kansas City Life Ins.*, 438 N.W.2d 524, 526 (N.D. 1989); *Manlove* v. *Sullivan*, 108 N.M. 471, 476 (1989).

Some authorities take an intermediate position. See, e.g., *O'Connor* v. *G & R Packing Co.*, 53 N.Y.2d 280, 283 (1981) (when issue is considered alternatively, relitigation barred only when issue "squarely addressed and specifically decided"); *Eagle Properties Ltd.* v. *Scharbauer*, 807 S.W. 2d 714, 722 (Tex. 1991) (where one issue rigorously considered, alternative "finding" did not preclude defensive use of issue preclusion); 18 Wright, Miller & Cooper, Federal Practice & Procedure § 4421, at 208 (1981 and 1994 Supp.) ("tempting to suggest that preclusion should arise from independently sufficient alternative findings only if a second court can determine without extended inquiry that a particular finding reflects a careful process of decision").

We need not decide whether to adopt comment i of the Restatement in all circumstances. In the present case, we conclude that York is not barred from relitigating the finding of illegality by reason of two interrelated policy considerations. First, and of critical importance, is the uncertain status of York's right to obtain judicial review of the 1992 finding by the board. York might have been dissuaded from appealing because of the likelihood that the board's alternate finding (that the expansion would be substantially more detrimental to the neighborhood) would be upheld,[9] and the finding crucial to York not even reached. Moreover, in the circumstances, an appellate court might well have deemed such an appeal frivolous. See note 6, *supra*.

Second, York had no reason to foresee that seeking a special permit to extend its present parking use which had continued without interference for more than thirty years (taking into consideration the use by York's predecessor in title), would endanger that use without an opportunity to obtain a full adjudication of that issue. See Restatement (Second) § 28(5).[10] This is particularly true where, as here, the building inspector did not act until the time for an appeal had expired. Had its present use

---

[9] At the board hearing questions were asked concerning protection of the neighborhood from lights and noise and also from fumes.

[10] Two of the exceptions to the general rule of issue preclusion provided in § 28 of the Restatement are relevant. That section provides in part:

"§ 28. Exceptions to the General Rule of Issue Preclusion

Although an issue is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, relitigation of the issue in a subsequent action between the parties is not precluded in the following circumstances:

(1) The party against whom preclusion is sought could not, as a matter of law, have obtained review of the judgment in the initial action; or

. . .

(5) There is a clear and convincing need for a new determination of the issue . . . (b) because it was not sufficiently foreseeable at the time of the initial action that the issue would arise in the context of a subsequent action, or (c) because the party sought to be precluded, as a result of the conduct of his

been threatened, York would have had more incentive to raise additional defenses, such as a claim under c. 40A, § 7, that its present use was protected by a prior building permit.

Accordingly, the judgment in the consolidated cases is vacated and a new judgment is to enter remanding the matter to the board, to hear York's appeal from the February 23, 1993, order of the building inspector.[11]

*So ordered.*

*Patricia A. Donoghue* for the plaintiff.

*Martin R. Healy* for Building Inspector & Zoning Administrator of Saugus & others.

*Judith Pickett* for Mary Borrello & others.

---

adversary or other special circumstances, did not have an adequate opportunity or incentive to obtain a full and fair adjudication in the initial action."

[11]In view of our remand to the board to hear York's appeal from the February, 1993, order, it is unnecessary to discuss the alleged constructive grant or York's additional claim that its present right to park is permitted under G. L. c. 40A, § 7.