Bohn, J.
This action is before me on the motion of the third-party defendant, the City of Cambridge (“Cambridge”), to dismiss the third-party complaint against it. After a hearing on June 19, 1996, and after reviewing the parties’ submissions, I DENY Cambridge’s motion, and ORDER that this action be consolidated with a previously filed action between Cambridge and defendant J.P. Construction Co., Inc. (“J.P.”) (City of Cambridge v. J.P. Construction Co., Inc., Hartford Casualty Insurance Co. and the American Arbitration Association, Middlesex Superior Court, Civil No. 94-7460).
BACKGROUND
On May 20, 1993, Cambridge executed a contract with J.P. to build a school. J.P. in turn entered into a subcontract with Quinn Brothers (“Quinn”) to perform the miscellaneous metal work required under J.P.’s contract with Cambridge.
On May 24, 1995, Cambridge, after determining that J.P. could not substantially complete the project by the deadline specified in the contract, terminated its contract with J.P. At that time, Quinn asserts that it had performed approximately 97.5% of its subcontract work. Quinn argues that it has been prepared to complete the remainder of its work, but that the project has not been ready for this to be done.
On December 27, 1994, Cambridge filed suit against J.P. and two other defendants, including J.P.’s insurer, Hartford Casualty Insurance Co. (“Hartford”).[2] This action is referred to as Cambridge v. J.P.
On August 9, 1995, Cambridge filed an amended complaint in Cambridge v. J.P., alleging that J.P. breached its contract with Cambridge and that Hartford is also liable for that breach, requesting a permanent injunction staying arbitration proceedings filed by J.P.,[3] and requesting damages, costs, and attorneys fees. On August 28, 1995, J.P. served a counterclaim against Cambridge, alleging, inter alia, that Cambridge was liable to J.P. in quantum meruit.
On June 21, 1995, subcontractor Quinn filed the present action against Hartford, as J.P.’s insurer, alleging that J.P. breached its subcontract with Quinn; that J.P. violated G.L.c. 30, §§39F and 39K; that Quinn is entitled to recover from Hartford’s surely bond under G.L.c. 149, §29; and, that J.P. violated G.L.c. 93A. In its complaint, Quinn requests damages, costs, and attorneys fees.
In January 1996, J.P. moved successfully to intervene and bring a third-party complaint against Cambridge. That complaint alleges that if, in the present suit, the court determines that Quinn performed its *144 work in accordance with the subcontract, Cambridge would be liable to J.P. for any damages J.P. may be ordered to pay Quinn.
Cambridge has now moved for dismissal of the third-party complaint in the present case. It argues that, because all of the parties and'issues involved in the third-party complaint are also involved in Cambridge v. J.P., the third-party complaint is redundant and should be dismissed pursuant to Mass.R.Civ.P. 12(b)(9). I agree that the third-party complaint maybe redundant; however, I decline to dismiss the complaint, out of concern that dismissal may be prejudicial to J.P. Rather, I order that the two cases be consolidated under Mass.Rule Civ.P. 42(a), as discussed in further detail below.
DISCUSSION
Cambridge argues that unless the third-party complaint in the present case is dismissed, Cambridge will be subjected to the possibility of inconsistent verdicts. For example, Cambridge suggests, a fact finder in Cambridge v. J.P. might conclude that Cambridge owes money to J.P. on account of work performed by Quinn, while a fact finder in the present case might conclude that Cambridge does not owe money to J.P. on account of work not performed by Quinn. I agree that this is a possibility.
If I were to dismiss the third-party complaint in the present case, J.P. would similarly be faced with the possibility of inconsistent verdicts. For example, a fact finder in Cambridge v. J.P. might conclude that Cambridge had fulfilled its financial obligations to J.P. (including paying J.P. sufficient money for metal work performed by Quinn), while a fact finder in the present case might conclude that J.P. was liable to Quinn for that same metal work. J.P. would then be in the position of having to compensate Quinn for work performed, without receiving compensation for that work from Cambridge. Thus, I decline to dismiss the third-parly complaint.
In order to protect both Cambridge and J.P. from the possibility of inconsistent outcomes, and in order to conserve judicial resources, I order that the two actions be consolidated pursuant to Mass.R.Civ.P. 42(a). That Rule provides:
(a) Consolidation. When actions involving a common question of law or fact axe pending before the court, in the same county or different counties, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated-, and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay (emphasis supplied).
Federal cases interpreting the federal version of this rule have held that the rule was designed to encourage consolidation wherever possible; that courts may exercise broad discretion in deciding whether consolidation is appropriate; that consolidation is permitted for reasons of convenience and judicial economy; but, that consolidation should not be ordered where confusion or prejudice would result. See, e.g., United States v. Knauer, 149 F.2d 519, 519-20 (7th Cir. 1945), aff'd 328 U.S. 654 (1946), reh. den. 329 U.S. 818 (1946); Vaccaro v. Moore-McCormack Lines, Inc., 64 F.R.D. 395, 397 (S.D.N.Y. 1974); Feldman v. Hanley, 49 F.R.D. 48, 50 (S.D.N.Y. 1969).[4]
Here, consolidation is appropriate. The two actions to be consolidated involve at least one “common issue of law or fact”: for example, whether J.P. substantially performed its contract with Cambridge, a question which may include consideration of whether the metal work required by that contract and delegated by J.P. to subcontractors was substantially performed. Moreover, the subcontract between J.P. and Quinn refers to the general contract between J.P. and Cambridge: it states that Quinn bears to J.P. the same responsibilities that J.P. bears to Cambridge under the general contract, and vice versa. Subcontract, paras. 1(a) and (b). Thus, if questions arise about the interpretation of the subcontract, these will be controlled in part by the interpretation of the general contract. It will certainly save time and money if issues surrounding the interpretation of that contract are tried only once. Finally, I see no possibility of confusion or prejudice, if the two actions are tried together.[5]
I wish to dispose of two procedural issues that my order raises. First, I find that it is appropriate for me to order consolidation on my own motion. There is little if any caselaw on this issue. However, at least one federal court has held that such an order does not require the consent of the parties: rather, it is a matter for the discretion of the court. Vaccaro, 64 F.R.D. at 397. In addition, such an order has been made sua sponte in the past without objection by the Massachusetts Appeals Court. Ford, Inc. v. Saugus, 38 Mass.App.Ct. 938, 939 (1995) (rescript) (noting in passing that the trial judge consolidated the three cases under consideration sua sponte). I therefore find that my order is appropriately made sua sponte.[6]
Second, I note that despite their consolidation for trial under Rule 42(a), the two actions retain their separate identity. That is, although the two cases will be tried together, the rights of the parties will be determined in accordance with the pleadings in each case.[7] See, e.g., Feldman, 49 F.R.D. at 50 (citing Johnson v. Manhattan Ry. Co., 289 U.S. 479, 496-97 (1988)) (consolidation does not merge the suits into a single cause, or change the rights of the parties, or make those who are parties in one suit parties in another).
ORDER
For the reasons set out above, third-party defendant City of Cambridge’s motion to dismiss the third-party complaint against it is DENIED. It is ORDERED that this action, Middlesex Superior Court Civil No. 95-3776, is to be CONSOLIDATED for trial with a *145 previously filed action, City of Cambridge v. J.P. Construction Co, Inc., Hartford Casualty Insurance Co. and the American Arbitration Association, Middlesex Superior Court, Civil No. 94-7460.

 This case is captioned City of Cambridge v. J.P. Construction Co., Inc., Hartford Casualty Insurance Co. and the American Arbitration Association, Middlesex Superior Court, Civil No. 94-7460.

 In those proceedings, J.P. has apparently contended, inter alia, that Cambridge failed to pay J.P. for work done by another subcontractor.

 Federal interpretations of the Federal Rules of Civil Procedure appropriately guide this court’s interpretation of near identical Massachusetts Rules. See, e.g., Rollins Environmental Services, Inc. v. Superior Court, 368 Mass. 174, 179-80 (1975) (“This court having adopted comprehensive rules of civil procedure in substantially the same form as the earlier Federal Rules of Civil Procedure, the adjudged construction theretofore given to the Federal rules is to be given to our rules, absent compelling reasons to the contrary or significant differences in content”).

 In its Opposition to J.P. Construction Co, Inc.’s. Motion to Intervene (not under consideration here), Quinn did argue that
[a]ny incorporation of J.P.’s complex dispute with 'Cambridge with this matter will require protracted litigation and involve aspects of the project which in no way relate to or concern Quinn, thereby abridging Quinn’s right, pursuant to G.L.c. 149, §29, to a speedy trial. Opposition to Motion to Intervene at para. 14.
Presumably Quinn would make the same objection here: that consolidation would delay the litigation of its simpler suit against J.P. It is possible that without consolidation, Quinn would be able to obtain a judgment more quickly. However, I find that the potential prejudice to J.P. from inconsistent judgments (along with a substantially increased burden on judicial resources) weighs against allowing the actions to proceed separately.
Moreover, I note that Quinn has itself been responsible for a substantial — and wholly avoidable — delay in the litigation as a whole, by bringing its claims against J.P. as a separate action, when it might simply have moved to be added as a defendant to the previously filed suit. Thus, I find that Quinn is not in an advantageous position from which to complain about delay.

 In further support of this conclusion, I note that J.P.’s Opposition to Third-Party Defendant’s Motion to Dismiss Third-Party Complaint states that “J.P. has no opposition to consolidation.” Opposition to Motion to Dismiss at 3.

 For example, if it were found that Cambridge owed damages to J.P., judgment would issue in J.P.’s favor in both the previously filed action and on the third-party complaint in the present action. However, the question of whether Cambridge owed damages to J.P. would be tried only once.