Sherman, RJ.
This is a Dist./Mun. Cts. R. A D. A, Rule 8B appeal by Linda Bur-ney (“Mrs. Burney”) of the denial of her Mass. R. Civ. R, Rule 24(a) (2) motion to intervene as of right in this summary process action to recover unpaid rent and possession of the federal public housing unit occupied by Mrs. Burney and her family.
The parties’ Rule 8B Agreed Statement indicates that on October 1,1985, Linda Burney, her husband, Francis Burney, and their three children moved into a three bedroom apartment in Washington Elms, a federal public housing development in Cambridge owned and controlled by the plaintiff, Cambridge Housing Authority (“CHA”). On April 4,1996, CHA transferred Mrs. Burney, her husband and their youngest child, Dennis, from the unit they had occupied for eleven years to a two bedroom apartment (“the premises”) in Washington Elms. The lease for that unit and all previous CHA leases for the family were signed by Francis Burney as “head of resident household.” All such leases and addenda from 1985 on listed Mrs. Bur-ney and her son as authorized occupants. Mrs. Burney and her son have in fact continuously resided in Washington Elms for over thirteen years with the knowledge and consent of CHA.
Due to marital difficulties, Francis Burney abruptly vacated the premises on August 29,1997, abandoning his wife and son. Mrs. Burney immediately notified CHA of her husband’s departure, and requested that CHA execute a new lease of the premises with her as head of household, listing her son as the sole additional authorized occupant, and excluding her husband as an authorized occupant. CHA refused to do so unless Mrs. Burney paid a three month rent arrearage owed by *164 her husband as tenant.[1]
On August 18,1997, eleven days prior to Francis Burney’s departure, CHA had served him with a notice to quite for nonpayment of rent for June, July and August, 1997. A copy of a summary process summons and complaint were mailed to Francis Burney on September 2,1997, and CHA commenced this action on September 8.1997. On September 22,1997, Mrs. Burney filed and served the motion to intervene which is the subject of this appeal, as well as a summary process answer and discovery requests. Mrs. Burney’s motion to intervene was denied on September 24.1997.
Francis Burney never answered or appeared in this summary process action. A default was entered against him on September 24,1997, and a default judgment in favor of CHA for possession and $1,521.00 in unpaid rent and costs was entered on September 25,1997.
1. Pursuant to Mass. R. Civ. P., Rule 24(a),[2] anyone, upon timely application, may intervene in an action as of right:
(1) when a statute of the Commonwealth confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant’s interest is adequately represented by existing parties.
While a “lenient” approach is generally prescribed in reviewing Rule 24(a) (2) motions because of the serious harm which may result from their denial, the “judge is entitled to a full range of reasonable discretion in determining whether tiie requirements of intervention have been met [citation omitted], and his decision will not be reversed in the absence of an abuse of discretion.” Board of Selectmen of Stockbridge v. Monument Inn, 8 Mass. App. Ct. 158, 162 (1979). See also, Peabody Federation of Teachers v. School Comm. of Peabody, 28 Mass. App. Ct. 410, 412 (1990).
2. The first requirement for Rule 24(a) (2) intervention is the statement of “an interest relating to the properly or transaction which is the subject of the action....” *165 In determining the sufficiency of a claimed interest, “a flexible, rather than a rigid, approach is indicated and ... the requirement should be viewed as a prerequisite rather than relied upon as a determinative criterion for intervention.’’ Cosby v. Department of Social Services, 32 Mass. App. Ct 392, 395-396 (1992). Mrs. Burney has claimed an interest in, or right to, continued possession of the premises of which she is a long-time, authorized occupant. Such interest is clearly related not only to the property which is the subject of this summary process action for possession, but also to CHA’s stated intention to utilize any execution issued on the trial court’s judgment against Francis Burney to oust Mrs. Burney and her son from their apartment Rule 24(a) “is intended to protect practical interests, [and] is not limited strictly to legal or equitable concerns.” Motor Club of America Ins. Co. v. McCroskey, 9 Mass. App. Ct 185, 189 (1980).
CHA nevertheless argues that as a non-signatory to the lease, Mrs. Burney is at most a tenant at sufferance with no possessory rights and no standing to intervene in this eviction action against the only tenant of record, Francis Burney. Such characterization ignores the public housing nature of the tenancy in question.
Federal and State housing policy, as expressed in statutes, regulations and recent cases interpreting them, reveals that in creating and providing for public housing, the government intended to depart from traditional concepts of the landlord-tenant relationship.
Spence v. O’Brien, 15 Mass. App. Ct. 489, 496 (1983). The federal public housing lease herein created a “tenancy by regulation,” Id., subject to relevant provisions of the United States Code and Code of Federal Regulations. In this regard, Mrs. Bur-ney contends that she is a “remaining member of a tenant family” pursuant to 24 C.F.R. 5.403(b) (6) with successor rights to, or at least eligibility for, continued possession of the premises in question. See In re Adams, 94 B.R. 838, 839 (Bkrtcy. E.D. Pa. 1989).
Assuming the validity of such claimed interest,[3] Mrs. Burney was next required by Rule 24(a) (2) to demonstrate that she “is so situated that disposition of the action may, as a practical matter, impair or impede [her] ability to protect” her possessory interest if she is not permitted to intervene. Mrs. Bur-ney argues: (1) that as an authorized occupant of the premises, she is entitled to judicial process before eviction, and (2) that any administrative review and judicial appeal of CHA’s denial of her request for continued possession under a new lease will not come in time to prevent CHA’s execution levy and eviction in this action. While such contentions are neither unpersuasive, nor unreasonable, the standard of review of the denial of a Rule 24(a) (2) motion is not substituted judgment. The trial judge herein may have, in the exercise of his discretion, concluded that avenues of relief other than intervention in this action were, and continue to remain, available to Mrs. Burney. CHA has conceded that Mrs. Burney’s claim to continued occupancy as a remaining member of a tenant family is a proper matter for its grievance procedures. The outcome of administrative proceedings would then be subject to appropriate judicial review before any final action could be taken by CHA. To insure, in the interim, that any execution for possession in this action did not unfairly preclude her proper recourse to CHA grievance procedures, Mrs. Burney could file a request for a G.L.c. 186, §14 order restraining the issuance, or levy upon, *166 any such execution pending administrative action.[4] Moreover, in addition to any state statutory rights, as an occupant of residential premises, to judicial process prior to eviction, Mrs. Burney would enjoy such rights under federal law if she qualifies as a remaining member of a tenant family. As such, she would be “entitled to an opportunity for a grievance hearing and the entry of a court order against [her], after notice and litigation of a landlordtenant posses-sory action, before [she] can be evicted [emphasis supplied].” In Re Adams, supra at 849. To prevent any deprivation of such federal rights, Mrs. Burney could obtain a Superior Court injunction against any eviction action by CHA prior to complete administrative and judicial review of her federal claims. G.L.c. 214, §1.
3. Moreover, the interests of the proposed intervenor are not the only factor for the court’s consideration under Rule 24(a) (2). A judge must weigh
the interests of the would-be intervenor in having a prompt resolution of a problem [against] the interests of the initial parties in maintaining a simpler and quicker trial, and ... the interests of the court in efficiently managing its docket.
Mayflower Develop. Corp. v. Dennis, 11 Mass. App. Ct. 630, 635-636 (1981).
The case before the trial court was a routine summary process action which, by definition and procedural rule, requires the speedy resolution of the parties’ controversy. The defendant-tenant’s failure to pay rent for three months in violation of his lease was not in dispute, and CHA reasonably sought possession of the unit for the obvious, economic purpose of transferring it to the next eligible low-income family on their waiting list who would satisfy their contractual obligation to pay rent While Mrs. Burney’s interest in maintaining possession of the unit as a remaining member of the tenant’s family was not an interest which could be defeated by CHA without due process, it was also not one which could only be asserted by intervention in this action. Without a definitive ruling that Mrs. Burney was entitled as a matter of law to retain possession of the family housing unit, her intervention would have needlessly delayed this otherwise straightforward ejectment action against Francis Burney for nonpayment of rent. Complicated issues of fact, law and administrative policy governed by federal statutes and regulations and dependent to some extent upon administrative agency review would have beep introduced. While intervention is designed to prevent multiplicity of suits, it is also intended to promote the expeditious disposition of controversies. Intervention may thus be denied when it would unduly expand the nature and scope of the action at bar. See Prudential Ins. Co. Am. v. Board of Appeals of Westwood, 18 Mass. App. Ct. 632, 635 (1984).
Accordingly, it cannot be ruled as a maker of law that the denial of Mrs. Bur-ney’s Rule 24(a) (2) motion constituted judicial action which absolutely “no conscientious judge, acting intelligently, could honestly have taken.” Bartley v. Phillips, 317 Mass. 35, 43 (1944). See also Mazzoleni v. Cotton, 33 Mass. App. Ct. 147, 152-153 (1992); Kubik v. Streule, 1997 Mass. App. Div. 176, 177.
Appeal dismissed.

 Paragraph 2 of the CHA standard lease provides, in pertinent part: “In the event that the Head of Household vacates the apartment (for reasons including, but not limited to, divorce, separation, or death) and is not evicted, this lease is automatically terminated. A designated member of the remaining household may become the Head of Household (and sign a new lease for the premises) only if that member is an adult listed on the most recent lease addendum and has not violated the lease. A person who is not listed on the most recent lease addendum or who has broken the lease is not eligible to become the leaseholding head of household (emphasis in original).”

 The Uniform Summary Process Rules contain no provision relative to intervention. Rule 1 provides, however, that “[procedures in [summary process] actions that are not prescribed by these rules shall be governed by the Massachusetts Rules of Civil Procedure insofar as the latter are not inconsistent with these rules ...” As both parties concede, Mrs. Burney’s motion to intervene in this summary process action was thus governed by Mass. R. Civ. R, Rule 24, which may be deemed to have been incorporated by reference in the Uniform Summary Process Rules. See Spence v. Reeder, 382 Mass. 398, 416 n. 16 (1981). See also, Care and Protection of Zelda, 26 Mass. App. Ct. 869, 871 (1989) (even though Mass. R. Civ. P. inapplicable in Boston Juvenile Court proceedings, Rule 24 applied as an “expression of Commonwealth policy” and as a “cogent standard” for intervention).

 “Rule 24(a) (2) requires only that the applicant claim an interest relating to the property in suit. The fact that his claim ultimately fails does not affect his status at the time when he first appeared in the suit [emphasis in original].” American Nat’l Bank & Trust Co. of Chicago v. Bailey, 750 F.2d 577, 585 (7th Cir. 1984).

 Section 14 of G.L.C. 186 provides, in pertinent part: “[A]ny lessor or landlord who directly or indirectly interferes with the quiet enjoyment of any residential premises by the occupant, or who attempts to regain possession of such premises by force without benefit of judicial process, shall be punished.... The superior and district courts shall have jurisdiction in equity to restrain violations of this section.”