Greco, J.
This G.L.C. 90, §34M Personal Injury Protection (“PIP”) action represents additional fall-out from the final judgment of the Middlesex Superior Court in Commonwealth v. Paul Jondle, Civil Action No. 96-3741, an action brought by the *71 Attorney General against Paul Jondle (“Jondle”) for his unlicenced practice of chiropractic, individually and through several corporate affiliates. Set Associated Chiropractic Serv., Inc. v. The Travelers Ins. Co., 1998 Mass. App. Div. 166 & n.1.
The instant case was commenced as a small claims action by plaintiff Steven Jach to recover PIP benefits for chiropractic services provided to him by Pain & Injury Rehab., PC (“PIR”), a corporation with which Jondle had been associated. After successfully moving to transfer the action to the regular civil docket, defendant Trust Insurance Company (“Trust”) filed a motion to have PIR either joined as a plaintiff or substituted as the real party in interest. The trial court allowed Trust’s motion to the extent of permitting the addition of PIR as a party plaintiff. The court also allowed Trust’s subsequent motion to file a G.L.c. 93A counterclaim against PIR.
With PIR now in the case, Trust moved for “partial” summary judgment against PIR on both the complaint and Trust’s counterclaim on the grounds that PIR had failed to comply with the Superior Courtis Jondle Judgment. The Judgment provided,[2] in relevant part:
No Jondle affiliate shall in any way willfully charge, bill or otherwise claim against any person or entity, except after providing a form, which shall specifically identify by name a duly licensed chiropractor or medical doctor, who was so licensed at the time said service was provided, and who, at the time of rendering said service, then determined the medical necessity for the service provided and the accuracy and reasonableness of the charge, bill or claim therefor or is the personal supervisor of the duly licensed chiropractor or medical doctor who had made said determination. The requirements of this paragraph may be complied with by the naming in a Small Claims Action or in a Civil Action the name or names of the chiropractor or medical doctor, who actually ordered or provided the said services to the patient and the requirements of this paragraph shall be deemed complied with by providing this information at least once to each person or entity who receives said charge, bill or claim.
The Superior Court Judgment defined a “Jondle Affiliate” to include all entities in which Paul Jondle had “any direct or indirect ownership or financial interest” or had “any operational, supervisory, control or guidance role.” PIR’s status as a Jon-dle Affiliate was adjudicated in 1997 in seven separate cases filed in the Malden and Salem District Courts, and those rulings were subsequently affirmed by this Division in Associated Chiropractic Serv., Inc. v. The Travelers Ins. Co., supra at 167 n.2. See generally, as to issue preclusion, O’Brien v. Hanover Ins. Co., 427 Mass. 194, 200-201 & n.6 (1998); York Ford, Inc. v. Building Inspec. & Admin. of Saugus, 38 Mass. App. Ct. 938, 940 (1995).[3]
*72 Trust’s motion for partial summary judgment against PIR on the both the complaint and counterclaim was allowed on March 2,1998.
After a hearing on PIR’s subsequent motion to alter or amend the allowance of Trust’s motion, the trial court ordered a judgment of dismissal in favor of Trust on the complaint, and a judgment of dismissal without prejudice in favor of PIR on Trust’s counterclaim. Both parties appealed.
1. Contrary to what appears to be PIR’s initial contention, there was no error in the allowance of Trust’s motion to join PIR as a party. Plaintiff Steven Jach had executed a document captioned “Irrevocable Assignment’’ which expressly named Pain & Injury Rehab as the assignee and which authorized his insurer to pay benefits to PIR directly.[4] By that document, Jach assigned to PIR all “rights and benefits to the extent of the services provided... [and] any and all causes of action” he had against Trust, and authorized PIR to prosecute such actions either in his name or in PIR’s name. PIR was, therefore, properly joined under Mass. R Civ. R, Rule 17(a) as the “real party in interest,” or under Mass. R. Civ. R, Rule 19(a) (2) (ii) because its absence from the suit might have placed Trust at risk of incurring a double obligation. See Barry v. Duffin, 290 Mass. 398, 402 (1935) (“It is of no concern to the debtor whether proceedings are brought in the name of the assignor, or, where permitted, in the name of the assignee ... so long as the debtor is in no danger of double liability.”)
2. With respect to the merits, PIR argues that in entering summary judgment for Trust on the grounds of PIR’s non-compliance with the Jondle Judgment, the trial court misinterpreted that judgment. Specifically, PIR contends that the term “claim” as used in the Judgment did not encompass a small claims action. We considered and rejected that argument by PIR and other Jondle Affiliates in Associated Chiropractic Serv., Inc. v. The Travelers Ins. Co., supra at 168. For the reasons stated therein, we reject it again.
3. PIR also charges error in the trial court’s denial of its right to amend the complaint, purportedly to evidence its compliance with the Superior Court’s Jondle Judgment. The short answer to PIR’s contention is that there is nothing in the record, including the trial court’s docket entries, which indicates that PIR ever filed any motion to amend its complaint, much less that the trial court denied such a motion.
4. PIR's remaining arguments are difficult to decipher and appear, at best, to suggest that PIR in fact complied with one or both of the Superior Court Jondle Judgments which required it to identify the “duly licensed” chiropractor or medical doctor who determined that the services provided were medically necessary and the amounts charged for such services were reasonable.
Contrary to PIR’s contentions, no chiropractor or medical doctor, licensed or otherwise, was ever mentioned in the small claims complaint filed by Jach, or in the civil complaint filed after the case was transferred to the regular docket. Even when Trust moved for summary judgment, PIR did not avail itself of that opportunity to produce any form it had submitted to Trust naming duly licenced providers or to identify any licensed chiropractor or doctor in the materials it submitted in opposition to Trust’s motion. Rather, PIR waited until after summary judgment had been granted to attempt for the first time to comply with the Jondle Judgment. *73 It did so only by naming four purportedly licensed providers in a motion to alter or amend the courfs Rule 56 ruling, and by referring in that motion to an amended complaint that it had never filed. In denying PIR’s motion to alter or amend, the trial court could have properly concluded that PIR’s efforts were too little and too late. Under such circumstances, it is unnecessary to address Trust’s argument that the providers named by PIR were not in fact “duly licensed” because they had provided false or perjurious information to the licensing authorities to obtain their licenses.
5. The sole basis for Trust’s cross-appeal is its charge of error in the trial courfs ultimate judgment of dismissal on its G.L.c. 93A counterclaim, which reversed the courfs earlier allowance of summary judgment in Trust’s favor on the counterclaim. First, it is well established that a judge retains the authority to reconsider and amend or reverse any ruling in a case until final judgment has been entered. Linkage Corp. v. Trustees of Boston University, 425 Mass. 1, 14 (1997); Cataldo Ambulance Serv., Inc. v. Chelsea, 43 Mass. App. Ct. 26, 27 n.4 (1997).
Second, while Trust has argued PIR’s non-compliance with the Jondle Judgment in considerable detail, its brief is devoid of any “relevant authority or reasoned argument,” see Lally v. Volkswagen Aktiengesellschaft, 45 Mass. App. Ct. 317, 338 (1998), for its contention that such non-compliance constituted a violation of G.L.c. 93A as a matter of law. In the absence of adequate appellate argument, it is unnecessary to address at length the merits ofTrusfs appeal. Dist./Mun. Cts. R. A D. A., Rule 16(a) (4). See Wellfleet v. Glaze, 403 Mass. 79, 80 n.2 (1988); Baybank v. Sullivan, 1998 Mass. App. Div. 112 n.3. We note briefly that Trust’s counterclaim alleges that PIR violated G.L.c. 93A by failing to name the licensed providers (as discussed above) and to retain a document signed by the providers authorizing the chiropractic services as required by the Jondle Judgment, by failing to inform the court of the Jondle Judgment, and by bringing this action in the name of the insured, Steven Jach, in an effort to circumvent that judgment. With respect to the last contention, the trial judge could have properly concluded that Jach’s affidavit, reciting that he intended to prosecute this matter in his own name, was not contradicted by any of Trust’s counterclaim allegations. Trust’s other assertions amount to complaints about PIR’s conduct in litigating this matter when in fact PIR was brought into the case only upon Trust’s own motion.[5] There was no error.
Appeals dismissed.
So ordered.

 The initial Final Judgment in Commonwealth v. Jondle was entered on July 1, 1996. See, for the relevant terms of that judgment, Associated Chiropractic Serv., Inc. v. The Travelers Inc. Co., supra at 166-167. An amended Final Judgment was entered by the Superior Court on February 4, 1998, after the commencement of this suit, but prior to the filing of Trust’s summary judgment motion. The trial court apparently delayed adjudication of Trust’s motion until it reviewed the amended Final Judgment, which we quote here.

 In any event, Trust also introduced ample evidence in support of its Rule 56 motion in this case to establish that PIR was a Jondle Affiliate, including its verified contempt complaint, deposition testimony of Paul Jondle, the Articles of Organization of both PIR and Associated Chiropractic Services and the deed by which Jon-dle acquired the property where PIR is located. PIR failed to advance any specific facts in opposition to raise a genuine issue as to PIR’s status.

 Compare Sanabia v. Travelers Ins. Co., 1999 Mass. App. Div. 46 n.1 (Feb. 8, 1999), in which the defendant-insurer, on the basis of an identical “Irrevocable Assignment” by the plaintiff, moved to join or substitute as party-plaintiff one Dr. Magner, the chiropractor who had rendered the medical services for which the plaintiff sought PIP payments. Magner was not, however, the assignee named in the Assignment, and the defendant failed to demonstrate the necessary legal connection between Magner and the named assignee.

 Compare Associated Chiropractic Serv., Inc. v. The Travelers Ins. Co., supra at 168-169, in which summary judgment was entered for the insurers in six cases actually commenced by, and brought in the names of, Jondle Affiliates.